IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Cause No. CR 05-924 RB** |
| | § | |
| **LARRY LUJAN,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Larry Lujan's Motion to Compel Disclosure of Redacted Witness Information (Doc. 349). The Court, having considered the arguments of counsel contained in the record, as well as advanced at the hearing of August 6, 2008, and being fully advised, finds that this Motion is well-taken in part and should be granted to the extent specified herein.

**I.   Background.**

On July 10, 2007, the grand jury returned the Third Superseding Indictment in this case, charging Defendants Larry Lujan, Kacey Lamunyon and Eugenio Medina with "Kidnapping Resulting in Death," in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. The Third Superseding Indictment includes a Notice of Special Findings against Defendant Lujan. On July 12, 2007, the United States filed a Notice of Intent to Seek a Sentence of Death against Defendant Lujan. Defendant Lujan is set for trial on January 12, 2009.

Defendant seeks an order compelling the Government to provide identifying information for the following 31 individuals:

| | | | |
|---|---|---|---|
| Randy Leal | Zachary Everett | Blair Dombrouschi | Gabriel Rendon |
| Reyna Quintana | Valerie Quintana | Daniel Quintana | Mark Reeves |
| Michael Reeves | Timothy Rodriguez | Rosa Sanchez | Christopher Slavin |
| Johnny Williams | Susan Betz | Joe Black | Raul Campos |
| Demetrio Cuellar | Robert Cuellar | Leticia Escajeda | Stacy Flower |
| Zachary Hamilton | Vivian Hernandez | Jalisco Holmes | Ashley Almorejo |
| Lucy Jimenez | Trent Jones | Robert Koch | Lori Lampis |
| Robert (Teddy) Orozco | | Fabian Perez | Irma Quintana |

Defendant obtained the names of these individuals by reviewing discovery materials produced by the Government. Identifying information for the individuals had been redacted from the materials prior to disclosure.

On May 21, 2008, Marc Robert sent a letter to Assistant United States Attorneys Maria Armijo and Mark Saltman requesting the dates of birth, social security numbers, and last known addresses and phone numbers for the above-listed individuals.

Ms. Armijo responded, by letter, dated May 29, 2008, that the Government would not provide the requested information because there is no court order requiring said production, and the information is neither Rule 16, Jencks, nor Brady material. The Assistant United States Attorney pointed out that the Government has been ordered to provide the identities and places of abode of witnesses to be called at trial, or provide notice of why disclosure of such information should be deferred, by October 1, 2008.

In his Motion to Compel Disclosure of Redacted Witness Information, Defendant contends information sought is material to his defense. Defendant cites my Memorandum Opinion and Order of January 14, 2008, wherein I stated: "Because Mr. Lujan has not demonstrated the materiality of any specific non-testifying witness, I will deny his request to compel disclosure at this time". (Doc. 228 at 36). Defendant reasons that, because the above-listed individuals "have been interviewed or contacted by government agents in their investigation of this case . . . [I]t cannot be seriously

2

disputed that identifying information regarding these individuals is material to proper defense in this capital case." (Defendant's Motion to Compel Disclosure of Redacted Witness Information at 5.)

In its Response to Defendant's Motion to Compel Disclosure of Redacted Witness Information, the Government observes police reports are not discoverable, it has already been ordered to provide Defendant with a witness list and an informative outline of the evidence it intends to present in support of its aggravating factors on or before October 1, 2008, and Defendant is not entitled to complete disclosure of all information in the Government's files which might conceivably assist him in the preparation of the defense.

In his Reply to the United States' Response to Defendant's Motion to Compel Disclosure of Redacted Witness Information, Defendant points out he is not seeking police reports (those have already been disclosed), but rather disclosure of the contact information regarding those persons mentioned in the discovery who have been interviewed or otherwise contacted by government investigators.

Defendant maintains:

> The government's purposeful failure to disclose the contact information has impaired, and continues to impair, Mr. Lujan's ability to prepare for trial, because the ability of defense counsel to locate and interview these persons has been, and continues to be, impeded. This Court has inherent authority to order the government to disclose the requested information. Furthermore, it should be disclosed because it is material under Rule 16(a)(E)(1) [sic].

(Defendant's Reply at 2.)

On August 6, 2008, I held a hearing and entertained arguments from counsel on this Motion.

**II.     Discussion.**

Courts generally take an expansive view of discovery in Federal Death Penalty Act cases. *See, e.g., United States v. Diaz*, 2005 WL 1575191, *8 (N.D. Cal. 2005); *United States v. Wilson*,

3

493 F.Supp.2d 364, 375-76 (E.D.N.Y.2006) (explaining that courts have inherent authority to order production of more particular information concerning notices of special findings and notices of intent to seek death penalty); *United States v. Karake*, 370 F.Supp.2d 275, 279-80 (D.D.C.2005) ("it has been uniformly recognized that if the death penalty [sic] provides insufficient notice to the defendant, the Court retains inherent authority to require the government to provide more specifics in order to give the defendant the opportunity to prepare for the penalty phase"); *United States v. Glover*, 43 F.Supp.2d 1217, 1222 (D.Kan. 1999) (recognizing necessity for broad scope of discovery). The Supreme Court has stated:

> [T]he penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two. Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case.

*Woodson v. North Carolina*, 428 U.S. 280, 305 (1976). With these precepts in mind, I turn to the issues at hand.

Defendant relies on Rule 16(a)(1)(E), which provides:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>       (i) the item is material to preparing the defense;
>       (ii) the government intends to use the item in its case-in-chief at trial; or
>       (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

Rule 16(a)(1)(E) does not, by its terms, contemplate disclosure of the information sought by Defendant. However, the district court has some discretion to order production of a list of non-testifying witnesses. *See*, *e.g.*, *Karake*, 370 F.Supp.2d at 309-10 (compelling disclosure of the

4

identities and contact information of eyewitnesses to an event where attacks occurred several years before in a remote Ugandan rainforest, more than one hundred people were present, and the eyewitnesses are located throughout the world); *United States v. Novack*, 1985 WL 1588, *5 (N.D. Ill. 1985) (unpublished opinion) (exercising discretion to order disclosure of names and addresses of witnesses to alleged unlawful activity because of high number of possible witnesses).

Generally, such material will be ordered disclosed to the defense only where there has been a particularized showing of need. *See United States v. Turner*, 2007 WL 1031691, *6 (W.D. Wash. Apr. 3, 2007) (unpublished opinion) (declining to order disclosure of witnesses that government did not intend to call and that were not already required by *Brady* because defendant had not made Rule 16 showing of materiality or defined how such witnesses should be identified); *United States v. Hsin-Yung*, 97 F.Supp.2d 24, 35-36 (D.D.C. 2000) (refusing to exercise its discretion to order government to disclose list of witnesses who it would not call because defendants gave no reason for needing information and did not indicate that information was exculpatory); *United States v. Rosenthal*, 1991 WL 267767 (S.D.N.Y. Dec. 3, 1991) (unpublished opinion) (denying request for list of non-testifying witnesses because pool of potential witnesses with knowledge of relevant facts was large and it would be impractical to call all persons who had any knowledge of facts of case).

Consistent with the general rule, in the context of ruling on Defendant's Motion for Disclosures Specific to Death Penalty Issues (Doc. 175), I stated in my Memorandum Opinion and Order (Doc. 228) of January 14, 2008:

> I am persuaded by the reasoning of those courts that have required a showing of materiality before requiring the disclosure of information regarding non-testifying witnesses. Because Mr. Lujan has not demonstrated the materiality of any specific non-testifying witness, I will deny his request to compel disclosure at this time. *See United States v. Edelin*, 128 F.Supp.2d 23, 33 (D.D.C. 2001) (denying similar motion). As for any information on non-testifying witnesses that is subject to *Brady*, *Giglio*, or Rule 16, I have ordered the disclosure of such information as described

5

>    elsewhere in this opinion, and thus, Mr. Lujan's duplicative request in this motion
>    will be denied as moot.

(Doc. 228 at 36.)

Defendant has satisfied me that the 31 individuals may have information material to the defense of this case. The Government has not cited a single death penalty case in support of its restrictive and mechanistic view of discovery. The individuals on Defendant's list have shared information with the Government. These individuals may have other information relevant to Defendant, other witnesses or impeachment. While the Government will disclose witnesses by October 1, 2008, not all of the individuals at issue may be on the Government's witness list. In order to conduct a thorough and meaningful investigation, the defense team needs to interview these individuals to determine whether they have any information that may be helpful to the defense. Defense counsel has represented that they are unable to contact the majority of the individuals on the list without additional information. Moreover, some of the individuals at issue may be located in the San Antonio area. While defense counsel are now available to travel to San Antonio to interview the individuals, as the case progresses to trial, counsel will be unable to travel out of state due to the demands of trial preparation.

At the same time, I am reluctant to burden the Government with additional investigative duties. In order to strike a balance between these competing interests, and allow Defendant an adequate opportunity to prepare his defense, I will require the Government to disclose un-redacted copies of the discovery materials containing contact information for the 31 individuals at issue by August 15, 2008. The Government is directed to supplement the contact information for such individuals, to the extent the United States Attorneys' Office has such information presently in its possession, by August 15, 2008.

At the hearing, the Government raised security concerns regarding a brother of Defendant Lujan harassing one of the individuals on the list. However, the Government had not raised security concerns about the 31 individuals prior to the hearing of August 6, 2008. Defense counsel represented that Defendant Lujan has one living brother and that brother is currently incarcerated. Nonetheless, in the event the Government wishes to obtain a protective order relating to the 31 individuals, I would encourage counsel to confer and submit a proposed order by August 13, 2008. In the event counsel are unable to agree on the terms of a protective order, they should notify me by August 13, 2008.

    **IT IS SO ORDERED.**

_____
    **ROBERT C. BRACK**
    **UNITED STATES DISTRICT JUDGE**