IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

       Plaintiff,

v.                                       No. CR 05-924 RB

LARRY LUJAN,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on a Motion for Pretrial Hearing on Admissibility of Alleged Co-conspirator Statements (Doc. 291).  I heard evidence relating to, and argument on, the motion at a hearing conducted on August 12, 2008.  Having considered the motion, briefs, arguments, statements, and the relevant authority, I find that the motion should be granted.

**I.     BACKGROUND**

On July 10, 2007, the grand jury returned the Third Superseding Indictment (Doc. 144) in this case, charging Defendants Larry Lujan, Kacey Lamunyon and Eugenio Medina with (1) "Kidnapping Resulting in Death," in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2, and (2) "Tampering with a Witness Resulting in Death," in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2.  The Third Superseding Indictment also includes a Notice of Special Findings against Mr. Lujan.  The United States filed a Notice of Intent to Seek a Sentence of Death (Doc. 146) against Mr. Lujan on July 12, 2007.  On December 13, 2007, the Court granted the motions of Defendants' Lamunyon and Medina to sever their trials from that of Defendant Lujan (Doc.

1

220).

On April 30, 2008, Defendant Lujan filed a Motion for Pretrial Hearing on Admissibility of Alleged Co-conspirator Statements (Doc. 291). The Government filed its Response (Doc. 378) to this motion on July 21, 2008. Defendant Lujan filed his Reply (Doc. 403) on August 8, 2008. On October 6, 2008, the Government filed its witness list (Doc. 439).

In his motion, Defendant Lujan asserted that "the discovery disclosed to date includes voluminous statements from various people whom, it is anticipated, the government will claim to have been engaged in a conspiracy with Mr. Lujan, though no conspiracy is charged in the indictment." (Motion at 3). He further asserted that the declarants of those statements may or may not be available for trial and include (without limitation) co-defendants Medina and Lamunyon. Defendant Lujan requested that before any statements are admitted into evidence pursuant to Rule 801(d)(2)(E), the Court conduct a *James* hearing to determine the statements' qualification under that Rule. Defendant Lujan further requested that in order "to make efficient and beneficial use of the hearing requested herein" (Motion at 4), the government be required to identify all statements which it intends to offer into evidence during the trial pursuant to Rule 801(d)(2)(E).

In Response, the Government averred that the co-conspirator statements of which it is aware are statements it anticipates will be offered throughout the testimony of a witness and that its "witness list will be filed as order [sic] on October 1, 2008." (United States Resp. at 4).[1] The Government explained that if it learns of any additional statements, it will disclose them promptly. Further, the Government committed to identifying such statements to the Defendant

---

[1] By Order filed October 1, 2008 (Doc. 436), the Court extended the deadline for the Government's witness list to October 6, 2008.

when any witness with co-conspirator statement testimony is disclosed.  The Government requested that the Court deny a pre-trial hearing on admissibility, and asked, in the alternative, that, if the Court requires such a hearing, the hearing be one in which a single federal agent testifies as a summary witness and that it be held close to the eve of trial for safety concerns of potential witnesses as the government has concerns that any pre-trial disclosure of detailed evidence in this case will compromise the security of the witnesses[2] and the integrity of their testimony.  At the hearing, the Government agreed to having a *James* hearing.

Defendant replied that the issue is not who has made co-conspirator statements but whether the Government is going to present any.  He further stated that the witnesses, with regard to these statements, if any, should be required to appear live in order for the court to assess their credibility and to allow Defendant to cross-examine them because a death penalty case "justifies, if not requires, a process in which witnesses appear live and available for cross examination." (Reply at 3).  In his reply, the Defendant requested that the *James* hearing occur "as early as possible to accommodate logistical concerns."  (Reply at 4).  At the hearing, Defendant asked for the *James* hearing to occur in October, or no later than November.[3]

## II.   STANDARD

"Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."  Fed. R. Evid. 802. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or

---

[2]     Although the Government stated that the security of the witnesses is of concern, at the hearing, the Government could not clearly articulate what that concern was.  On August 14, 2008, a Protective Order (Doc. 416) was issued by the Court with regard to contact information for specific individuals associated with this case.

[3]     Defendant Lujan did raise as an issue of the right to confrontation as set forth in *Crawford*. Because, as the government asserts, the witnesses will testify as to the conspiracy, there are no foreseeable *Crawford* problems with respect to the coconspirator statements.

hearing, offered in[to] evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c).

Fed. R. Evid. 801(d)(2) states in relevant part:

(d) Statements which are not hearsay. A statement is not hearsay if--

. . .

> (2) Admission by party-opponent. *The statement is offered against a party and is* (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) *a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish* the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or *the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).*

Fed. R. Evid. 801(d)(2)(E) treats the statements of a coconspirator as non-hearsay and

allows the Government to treat one coconspirator's statements as the admissions of another

coconspirator and defendant.  *United States v. Williamson*, 53 F.3d 1500, 1517 (10th Cir. 1995).

Proper application of Fed. R. Evid. 801(d)(2)(E), however, requires the Court to make three

factual findings before allowing the coconspirator statement into evidence.[4]  *United States v.*

*Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994).  By a preponderance of the evidence, "[t]he court

---

[4]     The Court notes that although Defendant Lujan is entitled to his own conspiratorial statements made in response to interrogation under Fed. R. Crim. P. 16(a)(1)(A), he is not entitled to the conspiratorial statements of codefendants.  *United States v. Roberts*, 811 F.2d 257, 258 (4th Cir. 1987) (en banc) (vacating a prior Fourth Circuit decision that read Fed. R. Crim. P. 16(a)(1)(A) and Fed. R. Evid. 801(d)(2)(E) *in pari materia*).  *See also United States v. Boykins*, Nos. 89-3580, 89-3641, 89-3798, 1990 U.S. App. LEXIS 17602, at *21-22 (6th Cir. 1990) (unpublished); *United States v. Gaddis*, 877 F.2d 605, 610 (7th Cir. 1989); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988); *United States v. Orr*, 825 F.2d 1537, 1541 (11th Cir. 1987).

must determine that (1) . . . a conspiracy existed, (2) the declarant and the defendant were both members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy."[5]  *Id.*; *United States v. Stipe*, 653 F.2d 446, 449 n.4 (10th Cir. 1981). Although the Court may base its findings, at least in part, upon the coconspirator statements at issue, the Court may not base its findings solely upon the coconspirator statements.  Fed. R. Evid. 801(d)(2); *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996).  *See generally Bourjaily v. United States*, 483 U.S. 171 (1987).  In other words, there must be some independent, corroborating evidence.  *See Lopez-Gutierrez*, 83 F.3d at 1242.   The Tenth Circuit defined independent evidence as "evidence other than proffered coconspirator statements themselves." *United States v. Owens*, 70 F.3d 1118, 1125 (10th Cir. 1995) (citing United States v. Martinez, 825 F.2d 1451, 1453 (10th Cir. 1987)) (internal brackets omitted).

Though the Tenth Circuit permits district courts to provisionally admit coconspirator statements as long as the Government presents the predicate conspiracy evidence during trial, the Tenth Circuit "strongly prefer[s]" that district courts conduct a *James* hearing in order to make the predicate factual findings prior to trial.  *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).  *See also United States v. Gonzalez-Montoya*, 161 F.3d 643, 648 (10th Cir. 1998) ("[W]e take this opportunity to reiterate our strong preference for *James* proceedings where the government relies on coconspirator statements.").

> The reason for this preference is that if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up.'

---

[5]  According to the Federal Judicial Center, "in the course of" and "in furtherance of" are actually two separate factual findings.  *See* David S. Voorhees, *Manual On Recurring Problems In Criminal Trials*, 78-81 (Genevra Kay Loveland ed., 5th ed., 2001).

*Urena*, 27 F.3d at 1491.

At the hearing, the Government agreed to a *James* hearing, but continued with its request that a single agent be permitted to summarize the coconspirator statements.

In *United States v. Owens,* 70 F.3d 1118 (10th Cir. 1995), the Tenth Circuit acknowledged the district courts' discretion to permit summary testimony in the context of a *James* hearing,[6] but warned that "[d]espite the conclusion . . . in this case, we do not suggest there are no limits of any kind on the use of summary testimony or other summary evidence during a *James* hearing." 70 F.3d at 1125. Additionally, the Tenth Circuit has repeatedly stated that it is "reluctant to approve or condone" the summary procedure because the procedure "undermine[s] the district court's ability to evaluate the . . . conversations in context or even to identify the speakers and because [the procedure may] not adequately specify the particular coconspirator statements the government plan[s] to introduce at trial." *Id.*; *United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993).

The Government acknowledged that the Tenth Circuit has a strong preference for *James* hearings (Gov't Resp. at 4) and has agreed to a *James* hearing. Accordingly, the Court will grant Defendants' motion and conduct a *James* hearing. During the *James* hearing, the Court will allow the Government to proffer its evidence via one summary witness. Though the Court acknowledges that the Tenth Circuit has expressed some reservation about the use of summary witnesses, the Government's submission of a detailed supplemental brief ten days prior to the

_____

[6] It is important to note that the Tenth Circuit accepted the use of a summary witness in *Owens*, at least in part, because the FBI agent presented independent evidence when he testified that the coconspirators personally told him information about the conspiracy. *Owens*, 70 F.3d at 1125. The Court in *Owens* stated: "Just as in *Roberts*, we decline to broadly and unequivocally endorse the summary procedure used in this case. Instead, we will continue to entrust the matter to the discretion of the district court to be decided in light of the particular circumstances of each case." *Id.*

*James* hearing will address the Tenth Circuit's concerns.  The United States is hereby instructed

to:

> file a supplemental brief identifying the summary witness; specifically identifying
> each and every coconspirator statement it intends to offer at trial as evidence
> against Defendants pursuant to Fed. R. Evid. 801(d)(2)(E); and stating how each
> proffered statement satisfies the requirements of Rule 801(d)(2)(E).  Specifically,
> with respect to each alleged coconspirator statement, the United States must
> indicate:  a) the identity of the coconspirator who made the alleged statement; b)
> the identity of the person or persons to whom the coconspirator statement was
> made; c) the identity of the witness who will testify at trial about the
> coconspirator statement; d) the content of the coconspirator statement; e) when
> the statement was made; f) how the statement is in the course of the alleged
> conspiracy; and g) how the statement is in furtherance of the alleged conspiracy.
> Additionally, the United States must identify the independent evidence it intends
> to offer in support of admission of the alleged coconspirator statements.

*See United States v. Baines*, No. 06-1797, at 2 (D.N.M. Oct. 3, 2006) (order granting motion for

pretrial hearing to determine admissibility of alleged coconspirators' statements) (brackets

omitted).  I will also require both parties to submit proposed findings of fact and conclusions of

law to the Court on the date of the *James* hearing.

**IT IS THEREFORE ORDERED** that, Defendant Larry Lujan's Motion for Pretrial

Hearing on Admissibility of Alleged Co-conspirator Statements is **GRANTED**.  The *James*

hearing will be held on **November 6, 2008**.  No less than 10 days prior to the *James* hearing, the

Government must file a supplemental brief identifying the summary witness; specifically

identifying each and every coconspirator statement it intends to offer at trial as evidence against

Defendants pursuant to Fed. R. Evid. 801(d)(2)(E); and stating how each proffered statement

satisfies the requirements of Rule 801(d)(2)(E).  Specifically, with respect to each alleged

coconspirator statement, the United States must indicate:  a) the identity of the coconspirator

who made the alleged statement; b) the identity of the person or persons to whom the

coconspirator statement was made; c) the identity of the witness who will testify at trial about

the coconspirator statement; d) the content of the coconspirator statement; e) when the statement was made; f) how the statement is in the course of the alleged conspiracy; and g) how the statement is in furtherance of the alleged conspiracy.  Additionally, the United States must identify the independent evidence it intends to offer in support of admission of the alleged coconspirator statements.  Further, both parties shall present at the hearing, and file with the Court on the date of the hearing, its proposed findings of fact and conclusions of law.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE