IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                       No. CR 05-0924 RB

**LARRY LUJAN,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Lujan's Motion Regarding Peremptory Challenges (Doc. 449), filed on October 14, 2008. On October 27, 2008, the United States filed a response in opposition to this motion. On October 21, 2008 and November 6, 2008, the Court held hearings, inter alia, on the motion. Having considered the submissions and arguments of counsel, and being otherwise fully advised, the Court finds that the motion is not well-taken and should be denied, as described herein.

Mr. Lujan requests an order that the number of peremptory challenges for the impaneled jury should be 33 for the defense and 20 for the United States, and that the number of peremptory challenges for alternate jurors should be 3 for the defense and 2 for the United States. Mr. Lujan reasons that the number of peremptory challenges available to the defense should be equal to or greater, in proportion to those provided to the United States, than the ratio set forth in non-death penalty cases.

The United States urges the Court to follow Fed. R. Crim. P. 24(b), which expressly covers peremptory challenges in FDPA cases.

Rule 24(b) of the Federal Rules of Criminal Procedure provides:

(b) Peremptory Challenges. Each side is entitled to the number of peremptory

challenges to prospective jurors as specified below. The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly.

(1) Capital Case. Each side has 20 peremptory challenges when the government seeks the death penalty.

Fed. R. Crim. P. 24(b).

In support of his stance, Defendant states that "death is different" and "[t]he Court has the necessary authority to allocate peremptory challenges equitably." (Doc. 449.) While Rule 24(b) acknowledges the notion that death is different, the Rule very clearly sets the number of peremptory challenges in a death penalty case at 20 per side.

In multi-defendant cases, the Court may have discretion to grant additional challenges. *See United States v. Lecco*, 2007 WL 894567 (S.D.W.Va. March 21, 2007). However, in a single defendant case, such as this, the Court may do so only in cases of substantial pretrial publicity. *See United States v. Johnson*, 495 F.3d 951, 962-63 (8th Cir. 2007); *United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001). This case has garnered hardly any pretrial publicity. Defendant has cited no authority for the proposition that the Court has discretion to grant additional challenges to a single defendant in the absence of substantial pretrial publicity. The motion will be denied. Rule 24(b) will apply as written.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**