IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                       **No. CR 05-0924 RB**

**LARRY LUJAN,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** came before the Court on the Joint Submission on Penalty Phase Procedures (Doc. 447), filed on October 14, 2008; the United States' Submission on Penalty Phase Procedures (Doc. 454), filed on October 16, 2008; and the Defendant's Memorandum in Support of Bifurcation of Penalty Phase (Doc. 475), filed on October 27, 2008.  On October 21, 2008 and November 6, 2008, the Court held hearings, inter alia, on issues concerning the bifurcation of the penalty phase.  Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, the Court finds that the penalty phase should be bifurcated, as discussed herein.

**I.**    **Statutory Backdrop.**

    The Federal Death Penalty Act of 1994 ("FDPA") provides that, if the defendant has been found guilty of a homicide offense for which the death penalty may be imposed, the trial judge "shall conduct a separate sentencing hearing to determine the punishment to be imposed." 18 U.S.C. § 3593(b).  At this hearing, "information may be presented as to any matter relevant to the sentence, including any mitigating or aggravating factor," regardless of its admissibility under the Federal Rules of Evidence.  18 U.S.C. § 3593(c).  The jury must find beyond a reasonable doubt at least one

of sixteen "aggravating factors" before it may impose the death penalty; the government has the burden of proving "any aggravating factor . . . beyond a reasonable doubt." *Id.*  The defendant has the burden of proving "any mitigating factor . . . by a preponderance of the evidence." *Id.*

The jury then considers "all the information received during the hearing," and returns "special findings" identifying the statutory and non-statutory aggravating factors it has unanimously found to exist, and the mitigating factors that one or more jurors have found to exist.  If no statutory aggravating factor is found beyond a reasonable doubt, "the court shall impose a sentence other than death."  18 U.S.C.§ 3593(d).  If the jury instead finds the requisite mental state and one or more statutory aggravating factors, then it "shall consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death" and, based upon this consideration, recommend by unanimous vote "whether the defendant should be sentenced to death, to life imprisonment without possibility of release or some other lesser sentence." 18 U.S.C. § 3593(e).

**II.     Discussion.**

The plain language of the FDPA indicates that Congress envisioned a single penalty phase hearing at which all relevant evidence would be admitted and, if the defendant were found eligible for the death penalty, such evidence would be ultimately weighed by the jury.  Nonetheless, several district courts have granted motions to bifurcate the penalty phase (or, as some have phrased it, "trifurcate" the entire trial) into an "eligibility phase," consisting of evidence relevant to mental state and to the existence of one or more statutory aggravating factors, and, if the defendant is found eligible, a "selection phase," consisting of evidence relevant to mitigating factors and non-statutory aggravating factors such as victim impact and other crimes.  *See, e.g., United States v. Natson*, 444 F.Supp.2d 1296, 1309 (M. D. Ga. 2006); *United States v. Mayhew*, 380 F.Supp.2d 936, 955-57

(S.D.Oh. 2005); *United States v. Johnson*, 362 F.Supp.2d 1043, 1099-1111 (N.D. Ia. 2005) (tried under 21 U.S.C. § 848, not the FDPA), *aff'd* (without discussing this issue), 495 F.3d 951 (8th Cir. 2007); *United States v. Jordan*, 357 F.Supp.2d 889, 903-04 (E.D. Va. 2005); *United States v. Davis*, 912 F.Supp. 938, 949 (E.D. La.1996).

While the Tenth Circuit has yet to address bifurcation of the penalty phase under the FDPA, the Second Circuit and the Eighth Circuit have concluded that the FDPA contemplates, but does not require, a single penalty phase proceeding. *United States v. Bolden*, ___ F.3d ___, 2008 WL 4777202 (8th Cir., Nov. 4, 2008); *United States v. Fell*, 531 F.3d 197 (2d Cir. 2008). By the same token, these authorities held that the FDPA does not foreclose bifurcation.

In affirming the denial of a motion to trifurcate, the Eighth Circuit observed that such a motion "should not be routinely granted because it further extends and complicates what is already a long and complicated proceeding." *Bolden*, ___ F.3d ___, 2008 WL 4777202, *6. Moreover, "penalty phase evidence such as prior crimes may be relevant to both statutory and non-statutory aggravating factors" and "the risk of improper spillover will be negligible if the jury is properly instructed and is in any event outweighed by the risk of unnecessary protraction and confusion." *Id*.

The Second Circuit cautioned:

> Although we would not go so far as to require trifurcation, we encourage district courts ruling on motions to trifurcate to consider carefully the ramifications of presenting victim impact evidence, or any evidence that would otherwise be inadmissible in the guilt phase of a criminal trial, to a jury that has not yet made findings concerning death eligibility.

*United States v. Fell*, 531 F.3d at 240 n. 28.

Notably, a trifurcated proceeding allows the court not only to avoid the admission of prejudicial evidence before the eligibility decision, but also to delineate clearly between the applications of the Confrontation Clause in the eligibility and selection phases. *See Johnson*, 362

3

F.Supp.2d at 1110 (describing trifurcation as a "cure" for the "potential unfair prejudice, confusion, and misdirection").

**III.   Conclusion.**

Having considered and carefully weighed the various approaches in light of the circumstances of this case, I conclude that, if the penalty phase is reached in this case, it should be bifurcated. The eligibility phase would consist of evidence relevant to mental state and to the existence of one or more statutory aggravating factors. The eligibility phase presumably would rely almost entirely upon the evidence already presented in the guilt phase and involve little, if any, additional information. It would nonetheless insure that the jury's findings as to intent and the statutory factors would not be influenced by exposure to the separate and unrelated non-statutory factors and information.

If Mr. Lujan is found eligible for the death penalty, the matter will proceed to the selection phase, which will consist of evidence relevant to mitigating factors and non-statutory aggravating factors such as victim impact and other crimes.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**