IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                 No. CR 05-0924 RB

LARRY LUJAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion Regarding Rule 609 Evidence as to Mr. Lujan (Doc. 446), filed on October 14, 2008. On November 17, 2008, the Court held a hearing, inter alia, on this motion. Having considered the submissions and arguments of counsel, and being otherwise fully advised, the Court finds that this motion should be granted, as described herein.

**I.    Background.**

The United States seeks a pre-trial ruling that Mr. Lujan's criminal conviction is admissible as impeachment in the event he testifies. On June 7, 2004, Mr. Lujan was sentenced to five years probation, including a jail term for Possession of Marijuana 5 lbs. - 50 lbs. in the 175th Judicial District, Bexar County, Texas, in Cause No. 2004-CR-0483B, for an incident that occurred on November 30, 2003.

Mr. Lujan responds that the conviction is irrelevant for impeachment purposes, the potential for prejudice outweighs the probative value, and the Court should exercise its discretion to exclude the evidence.

**II.    Discussion.**

Rule 609 of the Federal Rules of Evidence permits introduction of prior convictions for the

purpose of attacking the credibility of a witness. When a defendant testifies, evidence of a prior conviction for a crime punishable by death or imprisonment for over one year "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1).

The Tenth Circuit has explained:

> When a defendant in a criminal action takes the stand, he takes with him his character and reputation. He is supported by more than his own testimony, for the law presumes that his reputation is good with respect to all elements involved in the crime with which he is charged. For this reason, it has always been considered proper in cross-examination to interrogate him as to all collateral matters which would clearly tend to disprove the legal presumption with which he is clothed.

*United States v. Haslip*, 160 F.3d 649, 654 (10th Cir. 1998) (quoting *Burrows v. United States*, 371 F.2d 434, 435 (10th Cir. 1967) (internal citation omitted)). The trial court, in its sound discretion, may admit or exclude evidence of prior convictions. *United States v. Larsen*, 525 F.2d 444, 448 (10th Cir. 1975).

When weighing prejudice against probative value with regard to Rule 609(a)(1), courts have often identified the following five factors for consideration: (1) the impeachment value of the prior crime; (2) the date of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of credibility issue at trial. *See* 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 609.05 [3] (2d ed. 2008). Although this list is not exhaustive, it does outline the more basic concerns relevant to the balancing aspect of Rule 609(a)(1).

If Mr. Lujan testifies, his credibility will be a central issue for the jury to determine. The prior conviction was for possession of marijuana in San Antonio, Texas[1] fewer than 18 months

---

[1] The Court takes judicial notice that San Antonio is located in Bexar County.

before the charged crime. The United States contends that the motive for the charged crime related to Mr. Lujan's attempt to corner the market for illegal drugs in the victim's San Antonio neighborhood. In this respect, the marijuana conviction bears a strong relation to the charge in this case and underscores the impeachment value of the conviction. In the event Mr. Lujan takes the stand, his credibility will be of vital importance. The probative value of the conviction outweighs its prejudicial effect.

### III.     Conclusion.

Having considered and carefully weighed the relevant factors, I conclude that, evidence of the conviction will be allowed to impeach Mr. Lujan. The Court will entertain a stipulation and limiting instruction concerning the admission of this evidence.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**