IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.                                                                               **No. CR 05-0924 RB**

**LARRY LUJAN,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Lujan's Motion in Limine Regarding Vouching for Government Witnesses (Doc. 459), filed on October 20, 2008. On November 17, 2008, the Court held a hearing, inter alia, on this motion. Having considered the submissions and arguments of counsel, and being otherwise fully advised, the Court finds that this motion should be denied, subject to the caveats described herein.

**I.    Background.**

Mr. Lujan seeks an order limiting the use of Co-Defendants Medina and Lamunyon's guilty pleas and requests that the Court give appropriate limiting instructions. The United States responds that it intends to elicit testimony from the cooperating co-defendants, to introduce their plea agreements, and to refer the witnesses to the truthfulness provisions, and the consequences of violating those provisions. The United States agrees that the co-defendants' guilty pleas can only be introduced in the course of assessing credibility and not as substantive evidence of Mr. Lujan's guilt.

**II.    Discussion.**

The Tenth Circuit has recognized that a plea agreement containing a truthfulness provision or a cooperation agreement has both a bolstering and an impeaching effect on the witness'

credibility, and acknowledged "the difficulties . . . drawing fine distinctions between which provisions of an agreement are bolstering and which are impeaching." *United States v. Lord*, 907 F.2d 1028, 1031 (10th Cir. 1990). In light of this difficulty, the majority of the Circuit Courts of Appeals, including the Tenth Circuit, recognize the impracticality of limiting the admissible portions of a plea agreement during the witness' direct examination to the impeaching parts alone, and permit the full contents of the plea agreement to be used in the course of the direct examination of the witness. *See United States v. Spriggs*, 996 F.2d 320, 324 (D.C. Cir. 1993) (citing cases from the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits).

The United States is entitled to use the contents of the co-defendants' plea agreements in their entirety, including provisions related to truthfulness that might serve to bolster credibility. *United States v. Harlow*, 444 F.3d 1255, 1262 (10th Cir. 2006). This rule is intended to allow the prosecutor to head off claims that the witness' testimony is suspect due to the plea agreement. *Id*. Use of the plea agreement by the prosecution becomes "impermissible vouching only when the prosecutors explicitly or implicitly indicate that they can monitor and accurately verify the truthfulness of the witness' testimony." *Harlow*, 444 F.3d at 1262 (*quoting United States v. Bowie*, 892 F.2d 1494, 1498 (10th Cir.1990)); *United States v. Magallanez*, 408 F.3d 672, 680 (10th Cir. 2005) (same). At oral argument, counsel for the United States demonstrated an awareness of this prohibition. Subject to this caveat, the plea agreements are admissible in their entirety. *Harlow*, 444 F.3d at 1262-63.

Due to "the potential for prejudice, cautionary instructions limiting the jury's use of the guilty plea to permissible purposes are critical." *United States v. Baez*, 703 F.2d 453, 455 (10th Cir. 1983) (citations omitted). The jury will be cautioned after each co-defendant testifies. *See United States v. Dunn*, 841 F.2d 1026, 1031 (10th Cir. 1988). Counsel is encouraged to stipulate to a

proposed limiting instruction specifically tailored to this case. *See* Tenth Cir. Pattern Jury Instructions (Criminal) § 1.15 (2006).

**III.   Conclusion.**

Having considered and carefully weighed the relevant factors, I conclude that the co-defendants' guilty pleas may be received for the limited purpose of determining witness credibility. The Court will entertain a stipulated limiting instruction.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**