IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR 05-0924 RB |
| | ) | |
| LARRY LUJAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Larry Lujan's Motion to Exclude or Limit Crime Scene Photos, Video Depictions, Autopsy Photos, and Bloody Physical Evidence (Doc. 276), filed on April 30, 2008. The Court held a hearing on this Motion on November 17, 2008. At the hearing, counsel asked the Court to hold a ruling in abeyance until after the prosecution marks the evidence and defense counsel raises specific objections. Having considered the submissions and arguments of counsel, record, relevant law, and being otherwise fully advised, the Court denies this Motion without prejudice as to Mr. Lujan's ability to raise specific objections after the evidence is identified.

**I.     Background.**

Mr. Lujan is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 145). The Third Superseding Indictment included a Notice of Special Findings against Mr. Lujan, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. (Doc. 145). On July 12, 2007, and February 17, 2011, the United States filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. (Doc. 146 and Doc. 690).

**II.     Discussion.**

Mr. Lujan seeks a pre-trial ruling excluding or limiting the admissibility of crime scene photos, crime scene videos, autopsy photos, and bloody items of physical evidence taken from the crime scene, including clothing and personal belongings of Mr. Grauke.  Mr. Lujan argues that admission of such evidence would be unfairly prejudicial due to its gruesome nature and potential to unnecessarily inflame the jury.  The United States responds that photographs depicting the victim at the scene and the autopsy are probative of the nature and extent of the victim's injuries, the manner in which he died, and Mr. Lujan's state of mind at the time.  The United States plans to offer such evidence during the guilt and penalty phases of the trial.

The prosecution is generally entitled to prove its allegations by evidence of its own choice; and a defendant cannot stipulate away the full evidentiary force of the case as the government elects to present it.  *See Old Chief v. United States*, 519 U.S. 172 (1997).  As the Supreme Court recognized in *Old Chief*, the government must be given an opportunity "to present to the jury a picture of the events relied upon.  To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight."  *Id.*, 519 U.S. at 187 (citation and quotation marks omitted).

In order to convict Mr. Lujan, the United States must prove, beyond a reasonable doubt, that Mr. Lujan committed kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a). Specifically, the United States must prove that: (1) Mr. Lujan, knowingly, acting contrary to law, kidnapped Mr. Grauke by seizing, confining, inveigling, decoying, kidnapping, abducting him or carrying him away; (2) Mr. Lujan kidnapped Mr. Grauke for some purpose or benefit; (3) Mr. Lujan willfully transported  the person kidnapped; (4) the transport was in interstate commerce; and (5) the act of kidnapping proximately caused the death of Mr. Grauke.  *See* Tenth Cir. Pattern

Jury Instructions (Criminal) § 1.11 (2006); *see also United States v. Mayhew*, 380 F. Supp. 2d 936, 958 (S.D. Ohio 2005); *United States v. Foghorn*, Slip Copy, 2006 WL 4017477 D. N.M. 2006) (Browning, J.).

In the guilt phase of trial, Federal Rule of Evidence 403 governs and "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403.  Notably, under Rule 403 "the vicious, brutal nature of a defendant's conduct is not itself sufficient to justify a complete exclusion of evidence tending to show the defendant engaged in those acts." *United States v. Lujan*, 603 F.3d 850, 856 (10th Cir. 2010).  "In the guilt phase of a trial, courts have not allowed defendants to benefit from a Rule 403 exclusion for unfair prejudice simply because their conduct was of a grisly nature." *Id*. (c*iting United States v. Soundingsides*, 820 F.2d 1232, 1242-43 (10th Cir. 1987) (upholding admission of "undeniably gruesome" autopsy photographs that painted a clearer picture of the victim's injuries, cause of her death, and the defendant's malice aforethought); *United States v. Pepin*, 514 F.3d 193, 208 (2d Cir. 2008) (holding that in the guilt phase of a capital case, the district court should not exclude under Rule 403 "[e]vidence that defendant calmly dismembered the victims' bodies shortly after killing them")).

In a first degree murder case, the Tenth Circuit held that Judge Bratton did not abuse his discretion by admitting autopsy and crime scene photographs of a nine-year-old stabbing victim. *United States v. Treas-Wilson*, 3 F.3d 1406, 1410 (10th Cir. 1993).  The Tenth Circuit noted that "gruesomeness alone does not make photographs inadmissible." *Id.*, 3 F.3d at 1410 (citation and quotation marks omitted).  In *Treas-Wilson*, the photographs, which graphically depicted the nature of the fatal wound, were relevant to determination of the defendant's intent or state of mind. *Id*.

Unlike the first degree murder charge in *Treas-Wilson*, the charge against Mr. Lujan does not require the United States to prove that Mr. Lujan killed Mr. Grauke with malice aforethought. *Compare* Tenth Cir. Pattern Jury Instructions (Criminal) § 1.11 *with* Tenth Cir. Pattern Jury Instructions (Criminal) § 2.52.  In that the United States will not be required to prove intent to kill during the guilt phase, photographs and videos concerning the gruesome and violent manner of death may not be probative of any element of the crime.  Nevertheless, the United States may be able to articulate how specific photographs and videos might be probative and admissible during the guilt phase.  It is not possible to resolve this question without specific objections and responses as to each item of evidence.

A similar conclusion is reached with respect to the penalty phase.  If the United States proves the capital charge, a bifurcated penalty phase of the jury trial will ensue.  The FDPA provides that, during the penalty phase, "information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c).  This language is similar, but not identical, to the language of Federal Rule of Evidence 403, which provides, in pertinent part, that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

A direct comparison of § 3593(c) and Rule 403 reveals two differences.  First, Rule 403 requires that probative value be substantially outweighed by the danger of unfair prejudice before evidence may be excluded, whereas the FDPA omits this substantiality requirement and directs that exclusion may result if the scales tip, even slightly, in favor of unfair prejudice.  Second, the FDPA makes no express mention of the factors of undue delay, waste of time, and

cumulativeness, as grounds for exclusion.  However, the trial court, in a capital sentencing proceeding, remains free to consider cumulativeness in assessing evidentiary proffers.  *United States v. Sampson*, 486 F.3d 13, 43 (1st Cir. 2007); *see also United States v. Barnette*, 211 F.3d 803, 818-19 (4th Cir. 2000) (considering quantity of victim impact evidence presented in determining whether defendant's due process rights were violated).  The Tenth Circuit has observed:  "While § 3593(c) provides a district court greater discretion to exclude evidence than Rule 403 does, the same principle applies: a defendant should not benefit from the grisly nature of his acts."  *Lujan*, 603 F.3d at 858.

In order to establish eligibility for a death sentence, the United States must prove, beyond a reasonable doubt, that: (1) Mr. Lujan was at least eighteen years-old at the time of the offense, 18 U.S.C. § 3591(a); (2) he acted with one of the four mental states set forth in 18 U.S.C. § 3591(a)(2); and (3) at least one of the sixteen statutory aggravating factors set forth in 18 U.S.C. § 3592(c) exists. The United States has alleged four mental culpability factors in support of its argument for the imposition of the death penalty, asserting that Mr. Lujan intentionally: (1) killed Mr. Grauke; (2) inflicted serious bodily injury that resulted in the death of Mr. Grauke; (3) participated in acts contemplating that the life of a person would be taken and that lethal force would be used; and (4) engaged in an act of violence, knowing that the act created a grave risk of death to a person, with reckless disregard for human life.  *See* 18 U.S.C. §3591(a)(2)(A)-(a)(2)(D).

The United States alleges, as statutory aggravating factors, that Mr. Lujan committed the charged offense and that: (1) the death occurred "during the commission of another crime;" (2) Mr. Lujan committed the offense "in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse;" (3) Mr. Lujan carried out the offense after

5

"substantial planning and premeditation;" (4) Mr. Grauke was "particularly vulnerable due to his infirmity." (Doc. 690).  *See* 18 U.S.C. §3592(c)(1), (c)(6), (c)(9), (c)(11).

Evidence relating to the nature of the wounds, the crime scene, and the autopsy would be probative to the mental culpability factors and three of the four statutory aggravating factors.  In order to determine whether such evidence should be excluded during the penalty phase, it will be necessary to consider whether the probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury under § 3593(c).  While some of the evidence in question would be admissible during the penalty phase, the Court declines to rule without an opportunity to view the evidence and consider specific objections thereto.  For this reason, the Court will deny the motion without prejudice to Mr. Lujan's ability to raise specific objections after the United States identifies the evidence.

**THEREFORE,**

**IT IS ORDERED** that Mr. Lujan's Motion to Exclude or Limit Crime Scene Photos, Video Depictions, Autopsy Photos, and Bloody Physical Evidence (Doc. 276), filed on April 30, 2008, is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the United States must identify the crime scene photos, crime scene videos, autopsy photos, and bloody items of physical evidence that it intends to use as exhibits by April 29, 2011.

**IT IS FURTHER ORDERED** that Mr. Lujan must raise any specific objections to such proposed exhibits in a motion in limine to be filed by May 13, 2011.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**