IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 05-0924 RB |
| ) | |
| LARRY LUJAN, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on a motion by Defendant Larry Lujan ("Defendant") that asks this Court to declare the Federal Death Penalty Act ("FDPA") unconstitutional. *Doc. 287.* Having considered the parties' positions, the record, and the relevant authority, I deny the motion and will not hear argument on it at the upcoming hearing.

Defendant asks this Court to declare the FPDA unconstitutional because it "creates a sentencing structure that is incomprehensible to reasonable jurors" and that results in "an arbitrary application of the death penalty." *Doc. 278.* Defendant's arguments are based on the findings of several death penalty studies, primarily the 2003 published findings by the Capital Jury Project. *See Doc. 278* at 7 (citing William J. Bowers & Wanda D. Foglia, *Still Singularly Agonizing: Law's Failure to Purge Arbitrariness from Capital Sentencing,* 39 CRIM. LAW BULL. 51 (2003)). In the alternative, Defendant's motion asks for an evidentiary hearing to introduce evidence that demonstrates "the arbitrary, unreasonable and unconstitutional way in which the death penalty is handed out in jury rooms around the country." *Doc. 278* at 1.

This motion was filed in 2008. Though I originally set the matter for hearing, and

counsel and I discussed setting an evidentiary hearing, after the United States filed its notice of appeal, this and other pending substantive motions were held in abeyance.[1]  The Court received the Tenth Circuit mandate in August 2010.  *See Doc. 634.*  Thereafter, other *ex parte* matters requiring immediate attention largely occupied counsel and the Court through the end of 2010.  *See, e.g., Docs. 639, 645, 651, 653, 654, 663.*

In January 2011, I turned my attention back to the substantive matters pending before the appeal, and set the instant motion for a hearing in April 2011.  That setting is not for the purpose of conducting the three-day evidentiary hearing discussed in 2008, but rather, to pick up our discussions where we left off prior to the appeal.  *See Doc. 676.*  Indeed, at the hearing on another matter held on March 10, 2011, the Court and counsel clarified that the upcoming hearing for the instant motion is not an evidentiary hearing and no witness testimony is to be presented.

After I set the April hearing, the United States followed with a supplemental response.  It opposes holding an evidentiary hearing on the motion given that no federal court has invalidated the FPDA on the basis of the studies Defendant cites.  One of those cases is from this District – Judge William P. Johnson's decision in *United States v. Taylor,* 635 F. Supp. 2d 1243 (D.N.M. 2009).  After being granted an extension, Defendant filed a timely supplemental reply.  *See Docs. 704, 721.*

---

[1] I originally set the matter for hearing on the motion in November 24, 2008.  *See Doc. 418* at 1.  I subsequently vacated that hearing, intending to reset it in early 2009.  *See Doc. 503* at 2 (Sealed Clerk's Minutes 11/10/08).  At another hearing in early January 2009, defense counsel indicated that he would require a three-day evidentiary hearing in which to present testimony from Dr. Bowers and Dr. Foglia, the authors of the Capital Jury Project study.  *See Doc. 533* at 2-3.  That hearing also concluded with the intention of setting a three-day evidentiary hearing when convenient for all involved.  *See Doc. 533* at 14.  An evidentiary hearing setting did not materialize, however.  It fell by the wayside while counsel pursued other matters.  *See Doc. 546* at 3.  Soon thereafter, the United States filed its notice of appeal.  *See Doc. 549.*

I recognize that the results of the studies Defendant cites are sobering to consider and also that such studies are ongoing. *See, e.g.,* William J. Bowers, Wanda D. Foglia, Susan Ehrhard-Dietzel & Christopher E. Kelly, *Jurors' Failure to Understand or Comport with Constitutional Standards in Capital Sentencing: Strength of the Evidence,* 46 CRIM. LAW BULL. ___ (2010)). However, Defendants have not cited, nor have I found, any decision that invalidates the constitutionality of the FDPA on the basis of those studies. Instead, as noted in the United States' supplemental response, the federal courts have uniformly rejected such arguments. *See Doc. 688* at 2-4. Included in those decisions is a 2009 opinion by Judge Johnson from this District. *See United States v. Taylor,* 635 F. Supp. 2d 1243 (D. N.M. 2009). I find the *Taylor* decision particularly well-reasoned.

I disagree with Defendant's suggestion that no case has "actually" responded to the argument that the FPDA "is incomprehensible." *See Doc. 271* at 2. *Taylor* contains an extended quote from the *Sablan* case. Sablan's argument was, regardless of any instructions, the FPDA penalty scheme "is so confusing that a jury will never be able to comprehend the concepts of aggravating and mitigating factors" and, therefore, "will never be able to make a reasoned decision concerning whether to impose [a] death sentence or a life sentence." *Taylor,* 635 F. Supp. 2d at 1247. The *Sablan* decision found "no support for this assertion" because similar arguments, based on similar studies, had been rejected by other federal courts. *United States v. Sablan,* 2006 WL 102878 at * 8 (D. Colo. 2006) (and cases cited therein).

I find the *Taylor, Sablan,* and other decisions cited by the United States persuasive, incorporate their reasoning herein by reference, and, therefore, deny Defendant's motion. Accordingly, I need not hear further argument from counsel on this motion and it is unnecessary to hold an evidentiary hearing.

**IT IS THEREFORE ORDERED** that, Defendant's Motion to Declare the Federal Death Penalty Act Unconstitutional because it is Incomprehensible to Jurors and Results in the Arbitrary Application of the Death Penalty *(Doc. 287)* is **DENIED**.

**IT IS FURTHER ORDERED** that, insofar as it pertains to Document 287, the motion hearing set for April 5-6, 2011, is VACATED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE