IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. CR 05-0924 RB |
| | ) |
| LARRY LUJAN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a Defendant Larry Lujan's ("Defendant's") Motion to Allow Allocution Without Cross-Examination During Penalty Phase. *Doc. 689.* The United States has not responded to the motion. Having independently considered the relevant authority, I reject Defendant's motion in part and deny it. I will, however, entertain the parties' suggestions for alternative methods of allocution at the upcoming hearing presently scheduled for April 5-6, 2011.

Defendant filed his motion on February 15, 2011, which would have made the United States' response due March 1, 2011. *See* D.N.M.LR-Cr. 47.8(a) ("a response must be served and filed within fourteen . . . days"). The docket does not reveal either a response by the United States or a motion for extension to respond. Given the flurry of activity in this case over the past several months, I have no doubt that the motion was simply overlooked by the United States, and that its failure to answer does not signal it concurs with Defendant's request. Indeed, in another motion, the United States objected to allowing allocution. *Doc. 687.*

Defendant argues that if he is not permitted to make a statement without cross-

examination before sentence is determined by the jury, then his due process rights will be violated. *See Doc. 689* at 3. However, the Supreme Court has never held that the procedural right to allocution is of constitutional dimension. *See Hill v. United States,* 368 U.S. 424, 426, 428 (1962) (federal trial judge's failure to follow FED.R.CRIM.P. 32 cannot be challenged in habeas action under § 2255; "failure of a trial court to ask a defendant . . . whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus . . . [it] is neither jurisdictional nor constitutional [nor] a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure.").

Defendant cites no binding federal decision that specifically addresses whether due process requires a capital defendant to allocute without cross-examination. My research indicates that federal courts have entertained the argument Defendant makes here. They uniformly hold that there is no constitutional right to allocution, and do not hold due process is violated if a capital defendant is not permitted to allocute before the sentencing jury (without or without cross-examination). *See, e.g., United States v. Wilson,* 493 F. Supp. 2d 509, 510 (E.D.N.Y. 2007) ("It is not clear whether a capital defendant has a constitutional right to allocute to his remorse, and several federal courts have held that he does not."); *United States v. Henderson,* 485 F. Supp. 2d 831, 845 (S.D. Ohio 2007) (no established constitutional right to allocution); *United States v. Johnson,* 136 F. Supp. 2d 553, 568 (W.D. Va. 2001) (rejecting due process claim because "Defendant is not being denied the opportunity to be heard. Rather, through sworn testimony subject to cross-examination, the Defendant will be afforded a "meaningful opportunity" to invoke the discretion of the sentencing jury if he chooses to testify

in mitigation.").[1]  The Tenth Circuit has indicated its agreement with this line of cases in the state habeas context.  *Harjo v. Gibson,* 216 F.3d 1087 (10th Cir.) (unpublished), *cert. denied,* 532 U.S. 1024 (2000).  The *Harjo* decision, for example, cites *Harvey v. Shillinger,* 76 F.3d 1528, 1534 (10th Cir. 1996) for the proposition that "allocution is not constitutionally protected" and *Barnette, supra* note 1, for the proposition that a "criminal defendant has no constitutional right to make unsworn statement of remorse to jury which is not subject to cross-examination."

     Nevertheless, at least three of these courts have fashioned compromise, allowing cross-examination of a capital defendant during the presentation of mitigation evidence, but also an opportunity to allocute without cross-examination.  Their approaches are not uniform.  For example, in the *Johnson* decision above, the court indicated it would allow the defendant to allocute just before the Court announced imposition of the sentence.  The allocution would thus take place before the trial judge, not the sentencing jury.  *Johnson,* 136 F. Supp. 2d at 568.  In contrast, the *Henderson* and *Wilson* decisions above would allow the capital defendant to make an unsworn and un-cross-examined statement to the sentencing jury.

     In the *Henderson* case, the United States "concede[d] that allocution is a well-established procedural right" under FED.R.CRIM.P. 32.  *Henderson,* 485 F. Supp. 2d at 845.  Among other things, the court found that it would be inconsistent with that rule to only allow a defendant to

---

[1] The circuit decisions these cases cite are *Purkey, Barnette,* and *Hall.*  Some of those decisions have convoluted procedural histories.  *See United States v. Purkey,* 428 F.3d 738, 760-61 (8th Cir. 2005), *cert. denied,* 549 U.S. 975 (2006); *United States v. Barnette,* 211 F.3d 803, 820 (4th Cir. 2000), *judgment vacated and remanded on other grounds,* 546 U.S. 803 (2005) (in light of *Miller-El v. Dretke,* 545 U.S. 231 (2005) (case involving whether prosecution's use of peremptory strikes was result of purposeful discrimination)); *United States v. Hall,* 152 F.3d 381, 396 (5th Cir. 1998) ("We conclude that a criminal defendant in a capital case does not possess a constitutional right to make an unsworn statement of remorse before the jury that is not subject to cross-examination."), *cert. denied,* 526 U.S. 1117 (1999), *abrogated on other grounds by United States v. Martinez-Salazar,* 528 U.S. 304 (2000) (regarding peremptory challenges)).

address the court before it imposed sentence.  It also noted that 18 U.S.C. § 3593 allows any information to be admitted in mitigation.  *Henderson,* 485 F. Supp. 2d at 845-46.  It concluded that it had discretion to allow the allocution, that a defendant "has a right to allocute before the sentencing jury subject to an appropriate limiting instruction."  *Henderson,* 485 F. Supp. 2d at 845.  As such, the defendant could make an unsworn and un-cross-examined statement "to the jury before it deliberates on his sentence," subject to exclusion on a challenge by the United States.  If introduced, the jurors would be instructed that "they should carefully consider the credibility of such statements, given that they are not sworn or cross-examined."  *Henderson,* 485 F. Supp. 2d at 846.

The *Wilson* court found that it has discretion in capital and noncapital cases to allow a defendant to allocute under FED.R.CRIM.P. 32(i)(4).  It further held that "permitting a defendant to speak to the court before the court imposes his sentence, but not to the jury before it determines that sentence, would afford capital defendants an 'empty formality' under the rule.  *Wilson,* 493 F. Supp. 2d at 511.  It therefore held that it would allow the defendant to allocute before the jury, but imposed five conditions:  (1) the allocution would be confined to a brief colloquy that did not comment on evidentiary issues; (2) the defendant would read his allocution to the jury while seated at defense table; (3) the judge would instruct the jurors that they could consider the allocution for the purposes of remorse, and that it could take into consideration that the allocution was unsworn and not subject to cross-examination; (4) a sealed copy of the allocution must be disclosed to the United States prior to mitigation, to allow it time to make any motions; and (5) the defendant must provide the United States at least one day advance notice of the exact day when he will read the allocution.  *Wilson,* 493 F. Supp. 2d at 511.

Insofar as Defendant asks this Court to allow him unfettered allocution to the jury during

either the eligibility or selection phases of the penalty phase, the motion is denied.  To the extent that Defendant seeks some other accommodation to allow him to allocute, the Court will entertain those arguments.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Allow Allocution Without Cross-Examination During Penalty Phase *(Doc. 689)* is **DENIED**.

**IT IS FURTHER ORDERED** that, the parties be prepared to discuss alternative methods of allocution at the hearing set for April 4, 2011.

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE