IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,  )
                            )
         Plaintiff,  )
                            )
vs.  )          NO. CR 05-0924 RB
                            )
LARRY LUJAN,  )
                            )
         Defendant.  )

## ORDER ON MOTION TO RECONSIDER *(Doc. 756)*

**THIS MATTER** is before the Court on Defendant Larry Lujan's ("Defendant's")

motion to reconsider, filed April 7, 2011.  *Doc. 756.*  Though federal and local criminal rules do

not "mention . . . a motion for reconsideration," I will nonetheless entertain one, but should not

be expected to do so routinely.  *United States v. Madrid,* 633 F.3d 1222, 1228 (10th Cir. 2011)

(Paul Kelly, Jr., Circuit Judge, concurring in result).  I do not require a response from the United

States before ruling on the motion.

Defendant filed a motion in limine that listed twenty-seven types of statements the

prosecutors may make in closing arguments during the penalty phase.  He deemed the statements

improper and asked the Court to prohibit the prosecutors from making them and make that ruling

before trial.  *Doc. 695.*  I denied that motion in part.  In so doing, I quoted several portions of the

Supreme Court's decision in *Berger,* including that while prosecutors may "prosecute with

earnestness and vigor," and "strike hard blows," they are "not at liberty to strike foul ones."

*Doc. 737* at 3 (quoting *Berger v. United States,* 295 U.S. 78, 88 (1935)).

For the majority of the statements, I denied the motion without prejudice as premature.  I did so for three reasons.  First, Defendant did not cite authority that allows the Court to issue an advisory opinion "limiting the prosecution's closing arguments prior to trial.'"  *Id.*  Second, "propriety of remarks in summation is inevitably wedded to the evidence that has been admitted during the trial" and, therefore, ruling on the propriety of a statement must be based on "the context and evidence."  *Id.* (quoted material appears on pages 4, 8).  Third, the prosecutors in this case are "experienced Assistant United States Attorneys," who are "now on notice as to the types of closing arguments that concern defense counsel," and in whom I have "complete confidence . . . that they will avoid any of the pitfalls" raised in Defendant's motion.  *Id.* (same at 8).

In its response, the United States did not concede that any of the twenty-seven statements constitute improper argument.  *Doc. 698* at 2.  Nevertheless, I did grant Defendant's motion in part as to prosecutorial "vouching, bolstering, misstating the evidence, inciting the passions of the jury, or suggesting that jurors have a civic duty to return a sentence of death," and as to any attorney who makes "unfounded and inflammatory attacks on opposing counsel." *Doc. 737* at 9.  I did so in spite of the prohibition on advisory opinions and without holding a hearing because "certain arguments are always objectionable."  *Id.* (quoted material appears on page 5).  I believed counsel would have conceded the same at any hearing, and that there was no harm in making my views on such statements known before trial.  Indeed, neither side objects to the substance of my ruling that the above-specified statements are, in fact, impermissible.

Instead, in his motion for reconsideration, Defendant asks the Court to require the prosecutors to "refrain from making any of the specified comments or argument without first obtaining permission from the Court."  *Doc. 756* at 2.  His reference to "comments" is

unqualified, so I will assume he means any of the twenty-seven instances he identified.  He did not suggest this particular procedure in his motion in limine.  However, the procedure he suggests in his motion to reconsider advances the same goal sought by his premature motion in limine.  Both seek to ferret out what the prosecutors may argue, and to obtain rulings on admissibility, before trial begins.  *See Doc. 695* at 1-2, 27.

I already rejected Defendant's invitation to hamstring counsel in this manner.  *Doc. 737* at 8.  I am not inclined to reverse that position absent a compelling reason to do so.  Defendant advances no such argument, much less a compelling one.  As previously noted, I trust counsel to behave professionally in light of the concerns Defendant raised in his motion in limine.  I believe they will make every effort to forestall Defendant's primary concern.  *See Doc. 695* at 2 (uttering an inflammatory or prejudicial improper comment before the jurors, after which, "even sustaining a defense objection and giving a curative instruction could not remedy their effect").  As with any trial, counsel are free to approach the Court just prior to closing argument concerning comments they believe might be problematic.

Defendant also asks this Court to "clarify the legal standards applicable to objections" he may make "regarding improper arguments."  *Doc. 756* at 3.  He asks me to "remember" the *Berger* admonitions I cited in my decision.  *Id.* (quoted material appears on page 1).  His concern is that because I cited decisions that are in an appeal or habeas posture, I have misunderstood my "role" and "job" concerning objectionable closing argument.  *Id.* (same at 2).  I assure counsel that is not the case.  Like Defendant's own citations in support of his motion in limine, there are few, if any, cases addressing the propriety of closing arguments that are not in this posture.  *See Docs. 695, 698.*  In this as in all of my trials, I will be, as Defendant urges, "ever alert to prevent improprieties . . . to ensure that any improper . . . conduct does not improperly influence the jury

and deny the defendant a fair trial" and will take "prompt corrective action as appropriate" if any such situation arises.  *Doc. 756* at 2.

IT IS THEREFORE ORDERED that Defendant's Motion To Reconsider Memorandum Opinion And Order Denying In Part Defendant's Motion In Limine To Prohibit Specified Types Of Prosecutorial Misconduct In Penalty-Phase Summation *(Doc. 756)* is DENIED.

ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE