IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,	) | |
| 	) | |
| 	Plaintiff,	) | |
| 	) | |
| vs.	) | NO. CR 05-0924 RB |
| 	) | |
| LARRY LUJAN,	) | |
| 	) | |
| 	Defendant.	) | |

# MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on two motions filed by Defendant Larry Lujan ("Defendant"). Both motions ask the Court to dismiss the United States' notices that it intends to seek the death penalty. *See Docs. 685, 696.* Peter Schoenburg and Robert Kinney represent Defendant. Maria Armijo and Mark Saltman represent the United States. Having considered the submissions and arguments of counsel, record, relevant law, and being otherwise fully advised, I deny both motions.

Among other things, the third superceding indictment charges Defendant with kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1). It also contains special findings under the Federal Death Penalty Act ("FDPA"), 18 U.S.C. 3591 et seq. *See Doc. 145.* On July 12, 2007, and again on February 17, 2011, the United States filed notices that it intends to seek the death penalty in this case. *See Docs. 146, 690.* Sections 3591 and 3592 of the FPDA list statutory threshold findings and statutory aggravating factors that must be established in

order to impose a death penalty. The special findings in the indictment, and the factors listed in the United States' notices, track certain of those necessary criteria.

In motion # 696, Defendant asks the Court to find that the FDPA is unconstitutional. His primary argument is that the statute is unconstitutional because Congress has not amended the FPDA in the wake of *Ring v. Arizona,* 536 U.S. 584 (2002), to require or authorize a federal grand jury to find any statutory threshold and aggravating factors. *See Doc. 696.* In response, the government points out that the Department of Justice complied with the spirit of *Ring,* as it did here, by presenting some of those threshold and aggravating factors to the grand jury. This procedure comports with the federal courts that have addressed the issue, and require death "eligibility" factors to be charged in the indictment and found by the grand jury. *See Doc. 724.*

Defendant's position is that the *defacto* compliance with *Ring* does not suffice because a judicial or executive branch "cure" violates the separation of powers and nondelegation doctrines, contravenes *United States v. Jackson,* 390 U.S. 570 (1968), and vests the grand jury with authority it lacks. *See Doc. 696* at 11-20; *see also Doc. 739.* Defendant urges this Court to reject the authority cited by the United States as having been wrongly decided. *Doc. 696* at 20-27.

Defendant's other motion, # 685, seeks the same result but from a different perspective. In this motion, Defendant assumes the Court will reject the above arguments and find that the *Ring*-compliant procedures shield the FDPA from constitutional challenge. *See Doc. 685* at 4, 11-12. He argues that the procedures employed here nonetheless are unconstitutional under the Fifth Amendment grand jury clause because: (1) the grand jury was not informed that as a result of its special findings, the United States could seek the death penalty; (2) the grand jury did not find what are now "elements" of the death penalty offense under the logic of *Apprendi* and *Ring*

(whether aggravating factors outweigh mitigating factors and whether the factors are sufficient to justify death as a penalty); and (3) under the reasoning of the decision in *United States v. Green,* 372 F. Supp. 2d 158 (D. Mass. 2005), the United States is also obligated to present all nonstatutory aggravating factors it will rely upon to the grand jury. *See Doc. 684* at 9-16. The United States counters that these arguments have been roundly rejected by the courts that have considered them. *See Doc. 723.* Among other things, Defendant replies that much of the authority relied upon by the United States predates *Ring. See Doc. 740.*

I appreciate Defendant's nuanced arguments. However, my research reveals that, in addition to the authorities cited by the United States, federal courts continue to reject the sorts of arguments pressed by Defendant. *E.g., United States v. Aquart,* 2010 WL 4363414 at ** 5-6 D. Conn. 2010); *United States v. Cruz-Ramirez,* 2010 WL 1459446 at * 4 (N.D. Cal. 2010). Indeed, Judge Johnson has done so in the *Taylor* case. *See United States v. Taylor,* CR 07-1244 WJ (Doc. 492 at 7-16). So has another district within this circuit. *See United States v. Cheever,* 423 F. Supp. 2d 1181, 1193 (D. Kan. 2006). Moreover, the Tenth Circuit's decision in *Barrett,* quoted and discussed by Judge Johnson, indicates to me that the Tenth Circuit is not inclined to adopt the reasoning urged by Defendant. *See United States v. Barrett,* 496 F.3d 1079 (10th Cir. 2007).

I find the great weight of authority cited by the United States persuasive, incorporate that reasoning herein by reference, and, therefore, deny Defendant's motions. Accordingly, I need not hear further argument from counsel and it is unnecessary to hold an evidentiary hearing.

**IT IS THEREFORE ORDERED** that, Defendant's Amended Motion To Dismiss Death Penalty Notice Because The FDPA Is Unconstitutional Under *Ring v. Arizona (Doc. 696)* is **DENIED.**

**IT IS FURTHER ORDERED** Defendant's Motion To Strike The "Special Findings" In The Indictment And Dismiss The Notice Of Intent To Seek A Sentence Of Death *(Doc. 685)* is **DENIED**.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE