IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                  **NO. CR 05-0924 RB**

**LARRY LUJAN,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' Motion to Extend Time to File Motions in Limine (Doc. 805), filed on May 11, 2011. In this Motion, the Government states that Defendant (Mr. Lujan) has yet to provide any discovery materials to the Government; and defense counsel has indicated that they do not intend to file a witness list. The United States requests an extension of its deadline for motions in limine, until one week after Mr. Lujan files a witness list. Mr. Lujan opposes this Motion.

**I.  Background.**

Mr. Lujan is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 145). The Third Superseding Indictment included a Notice of Special Findings against Mr. Lujan, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. (Doc. 145). On July 12, 2007, and February 17, 2011, the United States filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. (Doc. 146 and Doc. 690).

Trial is set for June 20, 2011, through September 9, 2011. Motions in limine were due by May 13, 2011. (Doc. 738). May 16, 2011 is the deadline for final Rule 16 disclosures and the

Government's final witness list. (Doc. 784). Additionally, the parties must complete final disclosures, pursuant to the Jencks Act and Fed. R. Crim. P. 26.2, no later than June 6, 2011. (Doc. 784). The parties must submit an agreed exhibit list no later than June 14, 2011. (Doc. 784).

**II.     Discussion.**

The United States does not cite authority for the notion that Mr. Lujan must file a witness list. The Federal Rules of Criminal Procedure require reciprocal disclosure from defendants under limited circumstances. Rule 16 imposes a reciprocal duty on a defendant to disclose three categories of evidence. *See* Fed. R. Crim. P. 16(b)(1). The three categories are: (1) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items (Rule 16(b)(1)(A)); (2) results or reports of any physical or mental examination of any scientific test or experiment (Rule 16(b)(1)(B)); and, (3) a written summary of any expert testimony that the defendant intends to use (Rule 16(b)(1)(C)).

With regard to the first two categories, the defendant must produce the evidence if: (1) the items are within the defendant's possession, custody, or control; and, (2) the defendant intends to use the items in the defendant's case-in-chief at trial. *See* Rule 16(b)(1)(A)(I), (ii) and (B)(I), (ii). With regard to the summary of the expert testimony, the defendant must disclose the summary of the expert witness testimony the defendant plans to use at trial. *See* Rule 16(b)(1)(C). The summary must describe the witness' opinions, the bases and reasons for those opinions, and the witness' qualifications. *Id.*

With respect to all three categories, the defendant must produce the evidence after the government has completed disclosure of similar categories under Rules 16(a)(1)(E), (F), and (G). In other words, so long as the government complies with its own disclosure obligations, Rule

16(b)(1) requires that the defendant disclose to the government the categories of information specified by the rule.  *See United States v. Sarracino*, 340 F.3d 1148, 1170 (10th Cir. 2003) (discussing reciprocal disclosure obligations regarding defense expert witness testimony under Rule 16(b)(1)(C)).

      Except for scientific or medical reports, Rule 16(b)(1) does not authorize discovery of reports made by the defense team during investigation, a statement made to the defendant, or to the defense team, by the defendant, a government or defense witness, or a prospective government or defense witness.  *See* Fed. R. Crim. P. 16(b)(2).

      If a party fails to comply with Rule 16, the court may order that party to permit the discovery or inspection; specify its time, place, and manner; prescribe other just terms and conditions; grant a continuance; prohibit that party from introducing the undisclosed evidence; or enter any other order that is just under the circumstances.  *See* Fed. R. Crim. P. 16(d)(2)(A)-(D).  Thus, Mr. Lujan must comply with his reciprocal obligations under Rule 16(b) no later than May 16, 2011.  (Doc. 784).  Rule 16 does not require a defendant to file a witness list.

      Additionally, the Jencks Act requires the government to disclose to criminal defendants any statement made by a government witness that is "in the possession of the United States" once that witness has testified. 18 U.S.C. § 3500(a) & (b).  The purpose of the Jencks Act is to protect the government's files from unwarranted disclosure and to allow defendants access to materials usable for impeachment purposes.  *See United States v. Smaldone*, 544 F.2d 456, 460 (10th Cir. 1976).  Rule 26.2 contains the substance of the Jencks Act.  *See* Fed. R. Crim. P. 26.2, advisory committee notes.  Rule 26.2 provides for production of statements of defense witnesses at trial in essentially the same manner as required for statements of government witnesses.  *See*

3

*id.*

"The Jencks Act prohibits the pretrial discovery of statements made by prospective government witnesses." *United States v. Lujan*, 530 F. Supp. 2d 1225, 1254 (D. N.M. 2008). Nevertheless, "[d]espite this statutorily-imposed limitation, some courts have ordered early disclosure in the interests of due process, effective assistance of counsel, and the fair and efficient conduct of trial, but generally in these cases, the government has voluntarily agreed to the early disclosure." *Id.*

Here, the United States voluntarily agreed to early Jencks Act disclosure and requested reciprocal treatment from the defense.  This Court agreed and stated:  "Because I have ordered early production of Jencks Act statements based on the Government's voluntary concessions, I believe that this ruling should be predicated on requiring the same early production by [Mr. Lujan] of Rule 26.2 material.  I therefore will order [Mr. Lujan] to disclose to the Government [his] Rule 26.2 materials no later than two weeks prior to the commencement of jury selection[.]" *Lujan*, 530 F. Supp. 2d. at 1255.  While Mr. Lujan must complete final disclosures, pursuant to Fed. R. Crim. P. 26.2, no later than June 6, 2011, he has not been ordered to file a witness list.

The Court required the United States to file a witness list two months before trial based on its discretion under 18 U.S.C. § 3432 of the FDPA, "the gravity of the potential punishment facing Mr. Lujan, and in the interests of due process, effective assistance of counsel, the fair and efficient conduct of trial, and to minimize delays[.]" *Lujan*, 530 F. Supp. 2d. at 1261.  However, the Court has not required Mr. Lujan to file a witness list, nor has Mr. Lujan agreed to do so. The United States requests an extension of time until Mr. Lujan provides something that the Rules of Criminal Procedure do not require; and which Mr. Lujan has said he has no intention of

4

disclosing.  The Court declines to set a deadline for Defendant to file a witness list.  The United States has had sufficient time to investigate the facts and prepare for trial.  The parties have filed numerous pretrial motions.  In light of these circumstances, the United States' motion is denied.

**THEREFORE,**

**IT IS ORDERED** that the United States' Motion to Extend Time to File Motions in Limine (Doc. 805), filed on May 11, 2011, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**