IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                  NO. CR 05-0924 RB

LARRY LUJAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Compel Discovery of Mitigating Factors (Doc. 757), filed on April 7, 2011.  Defendant Larry Lujan filed a response in opposition to this Motion on April 21, 2011.  (Doc. 786).  Having considered the submissions of counsel, the record, relevant law, and being otherwise fully advised, the Court denies this Motion.

**I.**      **Background.**

Mr. Lujan is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2.  (Doc. 145).  The Third Superseding Indictment included a Notice of Special Findings against Mr. Lujan, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598.  (Doc. 145).  On July 12, 2007, and February 17, 2011, the United States filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA.  (Docs. 146 and 690). Trial is set for June 20, 2011, through September 9, 2011.

**II.**      **Summary of Arguments.**

The United States moves to compel Mr. Lujan to disclose a list of the specific mitigating factors he intends to establish, as well as a list of witnesses, including non-mental health expert

witnesses, he intends to present during the penalty phase of trial. (Doc. 757). In response, Mr. Lujan does not dispute that this Court has inherent authority to order the disclosures, but contends that such disclosures would undermine his presumption of innocence and interfere with his right to assistance of counsel, by revealing defense strategies. (Doc. 786). Mr. Lujan suggests that the Court delay disclosure until after a guilty verdict at the conclusion of the trial phase; and recess the proceedings to allow the Government to prepare for the penalty phase. (Doc. 786). Additionally, Mr. Lujan requests that any disclosure be delayed until the penalty phase begins; and that any disclosure should be subject to a protective order. (Doc.786).

### III.    Discussion.

The Supreme Court has recognized that "in capital cases . . . the Eighth Amendment . . . requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death." *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976). Due to the "unique nature of the death penalty," the Eighth Amendment demands "heightened reliability . . . in the determination of whether the death penalty is appropriate in a particular case." *Sumner v. Shuman*, 483 U.S. 66, 72 (1987). As a result, the Supreme Court has underscored that "in capital cases, it is constitutionally required that the sentencing authority have information sufficient to enable it to consider the character and individual circumstances of a defendant prior to the imposition of a death sentence." *Id.* Notably, reliability at sentencing is enhanced by admitting more evidence rather than less, so that the sentencing authority may have a complete picture of the defendant as an individual. *See Gregg v. Georgia*, 428 U.S. 153, 204 (1976) (stating it is "desirable for the jury to have as much information before it as possible when it makes the sentencing decision.").

Consistent with these principles, the FDPA authorizes a jury to impose a death sentence "after consideration of the factors set forth in section 3592." 18 U.S.C. § 3591(a). Section 3592 lists both mitigating and aggravating factors. *See* § 3592(a) and (c). The FDPA sets out procedures for the penalty phase in Section 3593(c). "The government shall open the argument. The defendant shall be permitted to reply. The government shall then be permitted to reply in rebuttal." *Id.* Notably, "[t]he government and the defendant shall be permitted to rebut any information received at the hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor; and as to the appropriateness in the case of imposing a sentence of death." 18 U.S.C. § 3593(c).

The FDPA requires the government to give the defendant notice of aggravating factors within a reasonable time before trial. 18 U.S.C. § 3593(a). The FDPA imposes no reciprocal duty on the defense regarding mitigating factors. Notably, the Federal Rules of Criminal Procedure require reciprocal disclosure from defendants under limited circumstances. Rule 16 imposes a reciprocal duty on a defendant to disclose three categories of evidence. *See* Fed. R. Crim. P. 16(b)(1). The three categories are: (1) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items (Rule 16(b)(1)(A)); (2) results or reports of any physical or mental examination of any scientific test or experiment (Rule 16(b)(1)(B)); and, (3) a written summary of any expert testimony that the defendant intends to use (Rule 16(b)(1)(C)). Additionally, Rule 26.2 provides for production of statements of defense witnesses at trial, in essentially the same manner as required for statements by government witnesses. *See* Fed. R. Crim. P. 26.2. Neither Rule 16(b), nor Rule 26.2, cover the disclosures requested by the Government concerning mitigating factors and a witness list.

As grounds for its request for disclosures, the United States relies on Federal Rule of Criminal Procedure 57(b), which provides: "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b).  Rule 57(b) has been cited for the court's inherent authority to regulate procedures beyond the scope of the rules themselves, so long as they are consistent with those rules. *See, e.g., United States v. Edelin*, 134 F. Supp. 2d 45, 48 (D.D.C. 2001) (citing cases).  At least one court has observed that "the fair and efficient administration of justice, avoiding surprise and ensuring an informed sentencing determination" militate in favor of pretrial disclosure of non-mental health mitigating factors. *United States v. Catalan Roman*, 376 F. Supp. 2d 108, 114 (D.P.R. 2005).  However, the facts of *Catalan Roman* are materially distinct from the case at hand.  The disclosure in *Catalan Roman* was ordered after the trial phase and the day before the penalty phase commenced. *Catalan Roman*, 376 F. Supp. 2d at 110.  The disclosure was limited to non-mental health mitigating evidence from expert witnesses. *Catalan Roman*, 376 F. Supp. 2d at 111.  In the case sub judice, Mr. Lujan has not been convicted, jury selection is five weeks in the future, and a firewall attorney is in place with respect to Defendant's mental health evidence.  Simply put, *Catalan Roman* is neither binding nor persuasive.

The requested discovery is neither legally required nor practically necessary.  Section 3592 lists potential mitigating factors. *See* 18 U.S.C. § 3592(a).  The Court held hearings on April 4-6, 2011, during which several aspects of the defense mitigation case were discussed and a defense mitigation specialist testified.  The United States has performed an extensive investigation into the circumstances of the crime and should be familiar with Mr. Lujan's background, record, and character.  Accordingly, the Court declines to exercise its inherent authority to require Mr. Lujan to disclose a list of the specific mitigating factors he intends to

establish and a list of witnesses, including non-mental health expert witnesses, he intends to present during the penalty phase of trial. After a guilty verdict, the Court will consider whether to recess the proceedings to allow the Government to prepare for the penalty phase. Any disclosure will be subject to a protective order.

**THEREFORE,**

    **IT IS ORDERED** that Plaintiff's Motion to Compel Discovery of Mitigating Factors (Doc. 757), filed on April 7, 2011, is **DENIED**.

_____
  **ROBERT C. BRACK**
  **UNITED STATES DISTRICT JUDGE**