IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                   NO. CR 05-0924 RB

LARRY LUJAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion to Strike Substantive Additions to Amended Notice of Intent to Seek the Death Penalty and to Amended Informative Outline (Doc. 777), filed on April 15, 2011.  Plaintiff filed a response in opposition to this Motion on April 29, 2011.  (Doc. 792).  Having considered the submissions of counsel, the record, relevant law, and being otherwise fully advised, the Court denies this Motion.

**I.     Background.**

Mr. Lujan is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2.  (Doc. 145).  The Third Superseding Indictment included a Notice of Special Findings against Mr. Lujan, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598.  (Doc. 145).  On July 12, 2007, and February 17, 2011, the United States filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA.  (Docs. 146 and 690). Trial is set for June 20, 2011, through September 9, 2011.

**II.    Summary of Arguments.**

Mr. Lujan moves to strike the following portions of the First Amended United States' Informative Outline Regarding Evidence in Support of Statutory Threshold Findings, Statutory

Aggravating Factors, and Non-statutory Aggravating Factors (Doc. 733): (1) Paragraphs IV(A)(1)(a), regarding the Garnica allegations, and (j), regarding the weight bags incident; (2) Paragraph IV(A)(4), regarding alleged Barrio Azteca participation; (3) Paragraph IV(B), regarding victim impact evidence. (Doc. 777). As grounds, Mr. Lujan states that the amendments were untimely, the amendments regarding gang participation and victim impact evidence are deficient, and gang participation is irrelevant. (Doc. 777).

The United States responds that the amendments concerning gang participation and victim impact evidence were timely and supported by good cause, the amendments provide sufficient detail, and the amendments allege relevant facts. (Doc. 792).

**III.   Discussion.**

    **A.   The Amended Notice of Intent to Seek the Death Penalty complied with 18 U.S.C. § 3593(a).**

The only substantive addition in the Amended Notice of Intent to Seek a Sentence of Death was gang participation as a sub-factor of the non-statutory aggravating factor of future dangerousness. (*Compare* Doc. 146 *with* Doc. 690). Victim impact evidence was included in both the original Notice of Intent to Seek a Sentence of Death and the Amended Notice of Intent to Seek a Sentence of Death. (Docs. 146 and 690).

Section 3593(a) of the FDPA requires the United States to file, "a reasonable time before the trial," a notice of, inter alia, the "aggravating factor or factors" it intends to rely on as grounds for imposition of the death penalty. 18 U.S.C. § 3593(a). "The court may permit the attorney for the government to amend the notice upon a showing of good cause." *Id*. Thus, an amendment to a § 3593(a) notice is valid if (1) the notice is filed a reasonable time before trial, and (2) the government shows good cause for the amendment. 18 U.S.C. § 3593(a).

The United States filed its Amended Notice of Intent to Seek a Sentence of Death on February 17, 2011, which was over four months before the trial date of June 20, 2011. (Doc. 690). Four months is a reasonable time to amend the notice of intent to seek a penalty of death within the meaning of §3593(a). *See United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999) (stating that thirty-days notice was reasonable). The amended notice of intent to seek a penalty of death was filed a reasonable time before trial.

Good cause, within the meaning of §3593(a), is shown where (1) the new factors have plausible connection to the facts, (2) there was no deliberate delay by the government, and (3) there was no prejudice to the defendant. *Battle*, 173 F.3d at 1347-48 (citing *United States v. Pretlow*, 770 F. Supp. 239, 242 (D.N.J. 1991)). Gang participation has a plausible connection to the facts because it is relevant to the non-statutory aggravating factor of future dangerousness. *Dawson v. Delaware*, 503 U.S. 159, 165 (1992); *Fuller v. Johnson*, 114 F.3d 491, 497-98 (5th Cir. 1997); *United States v. Umana*, 707 F. Supp.2d 621, 638 (W.D.N.C. 2010).

The United States added gang participation as a separate sub-factor because additional evidence was developed based on events that occurred after the filing of the original notice. (Doc. 691). For this reason, there was no deliberate delay by the Government.

Mr. Lujan is not prejudiced by the addition of gang participation as a sub-factor of future dangerousness. The original Informative Outline, filed on October 6, 2008, included the following paragraph with regard to future dangerousness as a non-statutory aggravating factor:

> Lujan is a self-proclaimed member of Barrio Azteca and the Mexican Mafia. He has threatened Jessica Jimenez, that she had better not say anything about the victim's murder because of his gang affiliations. Jimenez was present at a party in San Antonio, Texas, when Lujan boasted about murdering the victim. Barrio Azteca is considered one of the most violent street and prison gangs in the United States. Barrio Azteca recruits heavily from street gangs, mainly street gang members locked down in county jails. Likewise, the Mexican Mafia is considered

> an extremely violent street and prison gang whose members, while in prison, are expected to engage in drug trafficking, extortion, and any activity to gain control over other inmates.

(Doc. 437, Paragraph IV(B)(1)(p)).  In that Mr. Lujan has been on notice for more than two-and-a- half years, that the United States intended to rely on evidence of gang participation in order to establish future dangerousness, he is unable to show prejudice by the addition of gang participation as a separate sub-factor of the non-statutory aggravating factor of future dangerousness.  Accordingly, there was good cause for the amendment to include gang participation as a separate sub-factor of the non-statutory aggravating factor of gang participation.  The Amended Notice of Intent to Seek the Death Penalty was timely and supported by good cause, in compliance with 18 U.S.C. § 3593(a).

      **B.**      **18 U.S.C. § 3593(a) is inapplicable to the Amended Informative Outline.**

Mr. Lujan relies on supplemental evidence disclosed in the Amended Informative Outline in support of his motion to strike under 18 U.S.C. § 3593(a).  Mr. Lujan mixes apples and oranges.  It bears underscoring that "the Government is not required to provide specific evidence in its notice of intent . . . when it seeks to amend that notice to add only specific evidence - and not new 'factors,' it does not need to show good cause; if anything, the Government is helping the defendant some by forewarning him of the evidence to be used against him." *Battle*, 173 F.3d at 1348.  In other words, § 3593(a) does not apply to the Amended Informative Outline.

On January 14, 2008, this Court required the Government to provide Mr. Lujan with a written informative outline on certain statutory threshold findings and several aggravating factors.  *See United States v. Lujan*, 530 F. Supp. 2d 1225, 1254 (D.N.M. 2008).  The Court stated: "The document need not reveal evidentiary detail but should address the general nature of the information it will introduce to prove the following statutory threshold findings and

aggravating factors." *Id.* "The United States will have a continuing duty to supplement its outline." *Id.*

In compliance with this directive, the United States filed an Informative Outline Regarding Evidence in Support of Statutory Threshold Findings, Statutory Aggravating Factors, and Non-statutory Aggravating Factors (Doc. 437), on October 6, 2008, and a First Amended United States' Informative Outline Regarding Evidence in Support of Statutory Threshold Findings, Statutory Aggravating Factors, and Non-statutory Aggravating Factors (Doc. 733), on March 24, 2011.  Such supplementation of the informative outline was envisioned and specifically authorized by the Court.  *See United States v. Lujan*, 530 F. Supp. 2d 1225, 1254 (D. N.M. 2008) ( stating "if new information becomes known to the United States, I will permit the United States to supplement its informative outline within a reasonable time before trial.").  At a hearing held on March 10, 2011, the Court directed the Government to file any Amended Informative Outline by March 24, 2011.  (Tr. at 44).  The supplemental information disclosed in the Amended Informative Outline is helpful to Mr. Lujan, because the disclosure allows him to prepare for trial.  *Battle*, 173 F.3d at 1348.  Simply put, there is no legal basis to strike the supplemental disclosures in the Amended Informative Outline.

Additionally, Mr. Lujan contends that the Garnica allegations and the weight bags incident should be stricken from the Amended Informative Outline because "[t]his Court excluded them in its Order filed March 10, 2011." (Doc. 777 at 3).  This argument misconstrues the Court's ruling.  In its Memorandum Opinion and Order of March 10, 2011, the Court determined that evidence of the Garnica allegations and the weight bags incident was inadmissible, pursuant to 18 U.S.C. § 3593(c).  (Doc. 718 at 16; 18).  For the reasons discussed in the Memorandum Opinion and Order of March 10, 2011, the Court reaffirms it determination

that evidence of the Garnica allegations and the weight bags incident will be excluded from the penalty phase. The inadmissibility of the evidence, however, does not constitute a valid ground to strike the disclosure from the First Amended United States' Informative Outline Regarding Evidence in Support of Statutory Threshold Findings, Statutory Aggravating Factors, and Non-statutory Aggravating Factors.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Strike Substantive Additions to Amended Notice of Intent to Seek the Death Penalty and to Amended Informative Outline (Doc. 777), filed on April 15, 2011, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**