IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                          NO. CR 05-0924 RB

LARRY LUJAN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Larry Lujan's ("Defendant's") "Motion To Dismiss Death Penalty Notice Because The FDPA Is Imposed Arbitrarily Based On Race And Gender," filed April 15, 2011. *Doc. 775.* Robert E. Kinney, Supervisory Assistant Federal Public Defender, and Appointed CJA Counsel Peter Schoenburg represent Defendant on this motion. The United States, represented by Maria Y. Armijo and Michael S. Warbel, filed a response. *See Doc. 793.* Defendant did not file a reply, and I find no need for a reply or hearing. Having considered the submissions and arguments of counsel, record, relevant law, and being otherwise fully advised, I deny the motion.

Defendant again asks the Court to dismiss the United States' notice that seeks the death penalty. In the instant motion, he argues that the Federal Death Penalty Act ("FDPA") is a "failed experiment" and "should be declared unconstitutional" because it is "arbitrarily imposed" based on race and gender. *See Doc. 775* at 2, 10, 27. In support of this conclusion, he cites years of studies that find geographic and racial and gender disparities in the imposition of the

death penalty.  *See Doc. 775* at 5-23.  He also submitted the verdict forms from several hundred federal death penalty prosecutions.  *See Doc. 778.*  He particularly focuses on studies that show jurors are more likely to impose the death penalty if the victim is "white or white and female."  *See Doc. 775* at 23-27.  Here, the victim is "Caucasian" or "Non-hispanic" and Defendant is "Hispanic."  *See Doc. 748* at 21; *Doc. 762-4* at 17.

Again, "I recognize that the results of the studies Defendant cites are sobering to consider . . . However, Defendants have not cited, nor have I found, any decision that invalidates the constitutionality of the FDPA on the basis of those studies.  Instead, as noted in the United States' . . . response, the federal courts have uniformly rejected such arguments."  *Doc. 728* at 3.  The same is true for the instant motion.  I find the reasons and authorities cited by the United States persuasive.  *See Doc. 793* at 2-13.

In particular, though not exclusively, the Supreme Court's decision in *McCleskey* requires a showing of purposeful discrimination in this case.  Studies showing a "generalized statistical disparity, without evidence of its applicability to [this] Defendant[]" will not suffice.  *United States v. Aquart,* 2010 WL 4363414 at * 5 (D. Conn. 2010) (citing *McCleskey v. Kemp,* 481 U.S. 279 (1987)).  The same is true for the outcomes represented by the verdicts Defendant tendered.  Such evidence "does not meet [Defendant's] burden of demonstrating that the FDPA operates in an arbitrary and capricious manner during the charging, pleading, or sentencing phases" because the "numerous variances among the cases preclude this court from finding that the 61 death penalties were imposed without legitimate reason."  *United States v. Johnson,* 2009 WL 1856240 at * 5 (E.D. Mich. 2009) (citing *United States v. Sampson,* 275 F. Supp. 2d 49, 88 (D. Mass. 2003) (*Sampson,* in turn, quotes *McCleskey,* 481 U.S. at 307 n. 28, where it states that "[t]he Constitution is not offended by inconsistency in results based on the objective

circumstances of the crime.  Numerous legitimate factors may influence the outcome of a trial and a defendant's ultimate sentence, even though they may be irrelevant to his actual guilt."). Judge Johnson in the *Taylor* case from this District rejected the case summaries the defendant submitted for precisely the same reason.  The *Taylor* decision also rejected an "as applied" challenge, but here Defendant is not making any such claim.  *See United States v. Taylor,* 648 F.Supp.2d 1237, 1241-45 (D.N.M. 2008).  Finally, and again, in the absence of binding authority to the contrary, I am not inclined to adopt a novel position urged by Defendant.  *See Doc. 827*; *Doc. 803* at 4; *Doc. 772* at 3.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Death Penalty Notice Because The FDPA Is Imposed Arbitrarily Based On Race And Gender *(Doc. 775)* is DENIED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE