IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                          NO. CR 05-0924 RB

LARRY LUJAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion to Exclude Allegations of Gang Membership of Larry Lujan and Request for Evidentiary Hearing (Doc. 807), filed on May 13, 2011. Plaintiff filed a response in opposition to this Motion on May 25, 2011. (Doc. 838). There is no need for a reply or a hearing. Having considered the submissions of counsel, the record, relevant law, and being otherwise fully advised, the Court denies this Motion.

**I.    Background.**

Mr. Lujan is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 145). The Third Superseding Indictment included a Notice of Special Findings against Mr. Lujan, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. (Doc. 145). On July 12, 2007, and February 17, 2011, the United States filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. (Docs. 146 and 690). Trial is set for June 20, 2011, through September 9, 2011.

**II.    Summary of Arguments.**

Mr. Lujan moves to preclude the United States from introducing evidence of alleged gang affiliation by Mr. Lujan during the trial phase. (Doc. 807). Mr. Lujan claims that such evidence

is not relevant and any probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. (Doc. 807).

The United States responds that evidence of Mr. Lujan's gang membership may be relevant, in the trial phase, to supply context and explain the state of mind of certain witnesses. (Doc. 838). The United States acknowledges that use of gang-participation evidence to show a defendant's bad character or propensity to commit crimes is impermissible. (Doc. 838).

### III. Discussion.

The Federal Rules of Evidence provide that relevant evidence is generally admissible. Fed. R. Evid. 402. Under Rule 403, however, relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In determining whether evidence should be admitted under Rule 403, courts must consider (1) whether the evidence was relevant, (2) whether it had the potential to unfairly prejudice the defendant, and (3) whether its probative value was substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 401 and 403.

The parties agree that use of gang-participation evidence to show guilt by association or a propensity to commit crimes would be impermissible. Indeed, this is an accurate statement of the law. *United States v. Abel,* 469 U.S. 45, 59 (1984); *United States v. Keys*, 899 F.2d 983, 986 (10th Cir. 1990). Evidence of gang affiliation "is not admissible where it is meant merely to prejudice the defendant or prove his guilt by association with unsavory characters." *United States v. McKay*, 431 F.3d 1085, 1093 (8th Cir. 2005). However, such evidence is admissible, in specific contexts, to establish material issues such as bias or motive. *See Abel*, 469 U.S. at 59 ((holding gang affiliation evidence was admissible to show witness bias); *Keys*, 899 F.2d at 986 (same);

*United States v. Tsosie*, 288 Fed.Appx. 496, 499 (10th Cir. 2008) (unpublished decision) (holding evidence of gang affiliation of three defense witnesses was admissible for purpose of proving witness bias); *United States v. Montgomery*, 390 F.3d 1013, 1018 (7th Cir. 2004) (finding evidence of a defendant's gang membership admissible to show his motive for carrying a gun when the defendant stated he had brought a gun to a festival in light of the possibility of confrontation with a rival gang). Moreover, evidence of gang affiliation may be used for impeachment if a proper foundation is established. *United States v. Elkins*, 70 F.3d 81, 84 (10th Cir. 1995). The foundation must demonstrate either: (1) the defendant and the witness to be impeached belong to the same gang; or, (2) the witness' testimony might be influenced by fear of the defendant or the gang. *Elkins*, 70 F.3d at 986.

The United States anticipates that it may seek to elicit testimony from Mr. Lujan's associates that Mr. Lujan directed them to warn the victim about interfering with Mr. Lujan's alleged drug dealing or failing to pay debts owed to Mr. Lujan. (Doc. 838). Testimony about gang affiliation might explain the context of the warnings. The United States may also question those who accompanied Mr. Lujan about Mr. Lujan's actions before and after the killing and about possible warnings he gave them not to cooperate with police. (Doc. 838). Testimony about Mr. Lujan's gang membership might explain the witnesses' state of mind and reluctance to cooperate with authorities. These lines of inquiry suggest potentially valid areas supporting the admission of Mr. Lujan's gang affiliation. Other scenarios could arise at trial as well. *See United States v. Takahashi*, 205 F.3d 1161, 1164 (9th Cir. 2000) ("[e]vidence of gang affiliation is admissible when it is relevant to a material issue in the case").

At this stage in the proceedings, the Court is not in a position to predict how the testimony might develop. It is impossible to determine whether evidence of gang-related activities would be

admissible without knowledge of their context and purpose. Thus, any specific ruling now would be based on pure speculation and in the nature of an advisory opinion. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968) (holding "no justiciable controversy is presented . . . when the parties are asking for an advisory opinion."). Of course, "Article III of the Constitution bars the federal courts from issuing advisory opinions." *Qwest Corp. v. Pub. Util. Com'n of Colo.*, 479 F.3d 1184, 1191 (10th Cir. 2007). For these reasons, the Court will deny the Motion without prejudice to Mr. Lujan's ability to object to specific testimony concerning gang-related activities and gang affiliation at trial. The United States must request a bench conference before eliciting such testimony to allow Mr. Lujan the opportunity to object, and the Court to make a specific ruling, outside of the presence of the jury.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Exclude Allegations of Gang Membership of Larry Lujan and Request for Evidentiary Hearing (Doc. 807), filed on May 13, 2011, is **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED** that the United States must request a bench conference before eliciting such testimony to allow Mr. Lujan the opportunity to object, and the Court to make a specific ruling, outside of the presence of the jury.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**