## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      NO. CR 05-0924 RB

LARRY LUJAN,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion in Limine or Limit Crime Scene Photos, Video Depictions, Autopsy Photos, and Bloody Physical Evidence at Trial and Penalty Phase, if Necessary, and Request for Evidentiary Hearing (Doc. 814), filed on May 13, 2011. Plaintiff filed a response in opposition to this Motion on May 25, 2011.  (Doc. 844).  There is no need for a reply or a hearing.  Having considered the submissions of counsel, the record, relevant law, and being otherwise fully advised, the Court grants this Motion in part, as further discussed herein.

## I.    Background.

Mr. Lujan is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2.  (Doc. 145).  The Third Superseding Indictment included a Notice of Special Findings against Mr. Lujan, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598.  (Doc. 145).  On July 12, 2007, and February 17, 2011, the United States filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA.  (Docs. 146 and 690).  Trial is set for June 20, 2011, through September 9, 2011.

On April 30, 2008, Defendant filed a Motion in Limine to Exclude or Limit Crime Scene

Photos, Video Depictions, Autopsy Photos, and Bloody Physical Evidence.  (Doc. 276).  On March

14, 2011, this Court entered a Memorandum Opinion and Order denying Defendant's Motion without

prejudice, and ordered the United States to "identify the crime scene photos, crime scene videos,

autopsy photos, and bloody items of physical evidence it intends to use as exhibits by April 29,

2011."  (Doc. 725).  On April 29, 2011, the United States identified and disclosed this evidence.

(Doc. 844-1).  Defendant filed a Motion in Limine seeking the exclusion of specific items during the

guilt and penalty phases of the trial, as well as exclusion of any item not specifically identified by

the United States as a potential exhibits.

## II.      Summary of Arguments.

Mr. Lujan moves to exclude certain photographs and video of the Grauke and Chamberino

crime scenes and autopsies on the grounds that such evidence is irrelevant, culmulative, and unfairly

prejudicial.  (Doc. 814).  Additionally, Mr. Lujan asks the Court to exclude all other unidentified

photographs and physical exhibits because the United States failed to identify exhibits as required

by this Court's Order of March 14, 2011.  (Doc. 725).  The United States responds that the evidence

is relevant and exclusion is unwarranted.  (Doc. 844).

## III.     Discussion.

### A.      Grauke Crime Scene and Autopsy Photographs and Physical Evidence.

#### i.       Trial Phase

The Federal Rules of Evidence provide that relevant evidence is generally admissible.  Fed.

R. Evid. 402.  Under Rule 403, however, relevant evidence may be excluded if its probative value

"is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading

the jury, by considerations of undue delay, waste of time, or needless presentation of cumulative

evidence." Fed. R. Evid. 403.  In determining whether evidence should be admitted under Rule 403,

courts must consider:  (1) whether the evidence was relevant, (2) whether it had the potential to unfairly prejudice the defendant, and (3) whether its probative value was substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 401 and 403.

The Tenth Circuit has stated that, under Rule 403 "the vicious, brutal nature of a defendant's conduct is not itself sufficient to justify a complete exclusion of evidence tending to show the defendant engaged in those acts." *United States v. Lujan*, 603 F.3d 850, 856 (10th Cir. 2010).  "In the guilt phase of a trial, courts have not allowed defendants to benefit from a Rule 403 exclusion for unfair prejudice simply because their conduct was of a grisly nature." *Id.*  (c*iting United States v. Soundingsides*, 820 F.2d 1232, 1242-43 (10th Cir. 1987) (upholding admission of "undeniably gruesome" autopsy photographs that painted a clearer picture of the victim's injuries, cause of her death, and the defendant's malice aforethought); *United States v. Pepin*, 514 F.3d 193, 208 (2d Cir. 2008) (holding that in the guilt phase of a capital case, the district court should not exclude under Rule 403 "[e]vidence that defendant calmly dismembered the victims' bodies shortly after killing them")).

Moreover, the prosecution is generally entitled to prove its allegations by evidence of its own choice; and a defendant cannot stipulate away the full evidentiary force of the case as the government elects to present it.  *See Old Chief v. United States*, 519 U.S. 172 (1997).  As the Supreme Court recognized in *Old Chief*, the government must be given an opportunity "to present to the jury a picture of the events relied upon.  To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight." *Id.*, 519 U.S. at 187 (citation and quotation marks omitted).  "If . . . relevant evidence is inadmissible in the presence of other evidence related to it, its exclusion must rest not on the ground that the other evidence has rendered it 'irrelevant,' but on its character as unfairly prejudicial, cumulative or the like, its relevance

notwithstanding." *Old Chief*, 519 U.S. at 179.

With respect to the Grauke crime scene and autopsy evidence, Mr. Lujan objects to Government Exhibits 84, 85, 86, 87, 88, 89, 90, 91, 92, 94, 96, 97, 98, 105, 106, 107, 108, 110, 111, 112, 115, 149, 150, 151, 152, 153, 154, 155, 156, 157, 161, 162, 165, 169, 170, 171, 172, and 173. Mr. Lujan also objects to the video, FBI DVD-7, showing how the body was moved and placed in a body bag. The defense has no objection to the aerial video footage, FBI DVD-8.

Exhibits 84, 85, 86, 87, 88, 89, 90, 91, 92, 94, 96, 97, 98, 105, 106, 107, 108, 110, 111, 112, 115, are photographs of the Grauke crime scene, an irrigation ditch near Three Saints Road and O'Hare Road near Anthony, New Mexico. These photographs are relevant to show the body as it was found and the manner of death. The question is whether any of these photographs should be excluded as cumulative or unfairly prejudicial under Rule 403. For the reasons below, the Court finds that the majority of the photographs are not excludable during the trial phase as irrelevant or prejudicial, but that the volume of repetitive photographs is cumulative and admission of all of them unwarranted. Simply put, admission of all of the photographs tendered by the United States could become prejudicial if the jurors are inundated with photographs that cumulatively depict disturbing and gory scenes.

Exhibits 84, 85, 91, and 92 are photographs that show the body at the bottom of the ditch from different angles. The United States asserts that these photographs demonstrate, inter alia, the condition of the soil and footprints. Exhibits 84 and 92 adequately depict these facts. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Exhibits 85 and 91 are excluded as cumulative.

Exhibits 86, 87, 88, 89, and 90 depict the injuries to the victim's upper back area. The United States points out that there is little blood that can be seen. The blood appears to be dried on the shirt

and numerous flies are present.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice.  As all five of these photographs show the same area of the body, Exhibits 88, 89, and 90 are excluded as cumulative.

Exhibits 94, 96, and 97 are photographs of the victim's back.  The United States contends that they demonstrate the manner in which Grauke's pants were found, the position of his feet, and how his pants are torn, possibly from a struggle.  All three of these photographs show the same area of the body.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice.  Exhibits 96 and 97 are excluded as cumulative.

According to the United States, Exhibit 98 depicts a bandana that fits the description of the bandana Defendant used to blindfold the victim and its proximity to the victim.  No other exhibit shows the same relationship.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  Exhibit 98 is not excluded.

Exhibits 105, 106, 107, 108, 110, 111, and 112 demonstrate the location of the meat cleaver from various locations and distances and its proximity to the victim.  All of these photographs show the same area.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice.  Exhibits 106, 108, 110, and 112 are excluded as cumulative.

Exhibit 115 depicts the front side of the victim after his body was turned over and placed in a body bag, including the puncture wound to the victim's left thigh.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice.  Exhibit 115 is not excluded.

Exhibits 149, 150, 151, 152, 153, 154, 155, 156, 157, 161, 162, 165, 169, 170, 171, 172, and 173 are photographs of the Grauke autopsy.  The photographs show the body during the autopsy and

will illustrate the testimony of the medical experts as to the manner of death.  As such, the autopsy photographs are relevant.  The question is whether any of these photographs should be excluded as cumulative or unfairly prejudicial under Rule 403.  The Court finds that the vast majority are not excludable during the trial phase as unfairly prejudicial or  needlessly cumulative.

According to the Government, Exhibit 149 depicts the victim's neck injuries, in addition to the OMI case number.  This photograph, which shows the face of the victim in a state of decomposition, is exceptionally shocking and the danger of unfair prejudice substantially outweighs the probative value.  It is also cumulative as the neck wounds are depicted more clearly in Exhibit 170.  The Government states that will not introduce this exhibit into evidence unless it becomes relevant during the testimony of Dr. Benjamin.  Exhibit 149 is excluded as cumulative, subject to reconsideration at trial.  As discussed *infra*, the Government may introduce Exhibit 170 to demonstrate the wounds to the victim's neck.

Exhibits 150, 151, and 152 show the victim's clothed body prior to the commencement of the autopsy and during the physical examination.  These three photographs show different areas of the body from different angles.  Exhibit 153 demonstrates the stab wounds while the victim was fully clothed.  These exhibits are highly relevant to the state of the body and will illustrate the testimony of the medical examiner.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  Exhibits 150, 151, 152, and 153 are not excluded.

Exhibits 154 and 155 are photographs of the victim's ripped shirt.  These photographs are relevant to clearly show the pattern of the stab wounds.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  Exhibits 154 and 155 are not excluded.

Exhibit 156 illustrates a defensive type injury to the victim's hand.  This photograph is relevant to the manner of death as well as the testimony of the medical examiner.  There is no similar photograph. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  Exhibit 156 is not excluded.

Exhibit 157 depicts the back of the victim's torso, including his ripped clothing.  The medical examiner placed a marker on the back of the victim's pants, which indicates the photograph is relevant to the medical testimony.  No other photograph shows the same angle.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  Exhibit 157 is not excluded.

Exhibit 161 depicts the victim's legs without clothing.  The Government contends this photograph is relevant to show that the victim did not receive any injuries to his lower legs. This photograph is not particularly gruesome and no other photograph shows a similar scene.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  Exhibit 161 is not excluded.

Exhibit 162 exhibits the puncture wound to the victim's left upper thigh, as well as the victim's genitals.  The Government states it will crop the photograph to omit the genitals out of respect to the victim.  The stab wound is relevant and the photograph is not gory.  There is no similar photograph.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  If the photograph is cropped to omit the victim's genitals, Exhibit 162 it is not excluded.

Exhibits 165, 169, 170, and 171 show the stab wounds after the body was cleaned and clothing removed.  The photographs include the numbers corresponding to the numbers on the autopsy report for each wound.  Undoubtedly, they will illustrate the testimony of the medical

experts.   These photographs are highly relevant.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  For these reasons, Exhibits 165, 169, 170, and 171 are not excluded.

Exhibits 172 and 173 show the victim's hands with a lot of blood.  The Government states that these photographs demonstrate the process that Dr. Benjamin used to hydrate the victim's fingers in order to obtain a fingerprint for identification and latent print examinations.  There are no similar photographs.  While shocking, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  Accordingly, they are not excluded.

The crime scene video demonstrates the removal of the victim's body from the scene in preparation of the autopsy examination.  The video lends perspective to the photographs and the procedures followed by OMI and law enforcement  personnel to preserve the body and the clothing items.  This is extremely relevant because items from the victim's body were submitted for analysis, including the victim's shoes, and fibers from the victim's shoes were found to be consistent with a blanket used to cover the victim in the Jeep Cherokee.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  FBI DVD-7 is not excludable under Rule 403.

**ii.     Penalty Phase**

During the trial phase, Federal Rule of Evidence 403 governs and "evidence may be excluded if its probative value is *substantially outweighed* by the danger of unfair prejudice . . . ."  Fed. R. Evid. 403 (emphasis added).  During the penalty phase, Section 3593(c) governs and:

Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that *information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.*

18 U.S.C. § 3593(c) (emphasis added).

The Court has already culled through the photographs during the trial phase to avoid the danger of prejudice due to repeated exposure to gruesome photographs. The relevance of the photographs and the video is no different for the penalty phase and will have already been established during the trial phase. To ensure that the potential for unfair prejudice will not outweigh the relevance of the photographs and video already introduced, the Court will allow the Government to refer to the admitted trial photographs and video during the penalty phase, and to reintroduce them if necessary in light of a new line of testimony by a government witness, but will not allow the Government to republish the photographs and the video to the jury simply because we have entered into a new phase of the proceedings.

**B.      Chamberino Crime Scene and Autopsy Photographs.**

**i.      Trial Phase.**

Mr. Lujan moves to exclude the Chamberino crime scene and autopsy photographs on the based on lack of relevance and Rule 403. The Government did not specifically respond to this argument. In order to convict Mr. Lujan, the Government must prove, beyond a reasonable doubt, that Mr. Lujan committed kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a). Specifically, the Government must prove that: (1) Mr. Lujan, knowingly, acting contrary to law, kidnapped Mr. Grauke by seizing, confining, or inveigling him, as charged; (2) Mr. Lujan kidnapped Mr. Grauke for some purpose or benefit; (3) Mr. Lujan willfully transported Mr. Grauke; (4) the transportation was in interstate commerce; and (5) the act of kidnapping caused the death of Mr. Grauke. *See* Tenth Cir. Pattern Jury Instructions (Criminal) § 2.55 (2011). The Government has not explained how the Chamberino evidence is relevant to any element that it must prove at trial. In that the Chamberino evidence at not relevant to any trial issue, it is inadmissible during the trial phase.

Fed. R. Evid. 402.

   **ii.**  **Penalty phase.**

 In applying § 3593(c), the Tenth Circuit stated that the standard of Federal Rule of Evidence 401 governs and "information is admissible at a capital sentencing if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the [information].' " *Lujan*, 603 F.3d at 854 (*quoting* Fed. R. Evid. 401). The Tenth Circuit has determined that the Chamberino evidence is relevant to the aggravating factor of future dangerousness. *Lujan*, 603 F.3d at 854.

 In that the information is relevant, § 3593(c) provides that it should be admitted unless "its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). Section 3593(c) grants the district court greater discretion to exclude unfairly prejudicial or confusing information than the district court has during the guilt phase of the trial. *Lujan*, 603 F.3d at 854. However, the Tenth Circuit has emphasized that "[t]he objective of the sentencing stage of a capital case is to allow the jury a full appraisal of the defendant." *Lujan*, 603 F.3d at 858 (*citing Gregg*, 428 U.S. at 203-04).

 The probative value must be balanced against "the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). The Tenth Circuit has observed that "Section 3593(c) permits balancing of probative value against *unfair* prejudice, not all prejudice." *Lujan*, 603 F.3d at 858 (internal quotation omitted) (emphasis supplied). "Where the defendant has wide latitude to put on mitigating evidence of his positive characteristics and sympathetic past, there is nothing inherently 'unfair' with allowing the government some latitude to present the unfavorable aspects of the defendant, so long as that evidence is relevant to a properly identified aggravator and does not involve gratuitous gruesomeness or inflammatory detail beyond

what is necessary to reveal to the jury the true nature of what happened." *Id*.

With respect to the Chamberino crime scene photographs, Mr. Lujan objects to Exhibits 207, 209, 210, 213, 219, 220, 221, 222, 223, 224, 225, 226, 233, 234, 237, 238, 237, 239, 240, 241, 242, 243, 244, 246, and 249 on the grounds that such evidence is unfairly prejudicial and cumulative. Specifically with regard to this evidence, the Tenth Circuit has held:

> The risk that introducing graphic evidence of brutal murders will give rise to emotional reactions poses a legitimate risk of unfair prejudice; however, the vicious, brutal nature of a defendant's conduct is not itself sufficient to justify a complete exclusion of evidence tending to show the defendant engaged in those acts.

*Lujan*, 603 F.3d at 858.

Exhibits 207, 209, and 210 depict the upper body of victim Alfredo Gonzales from different angles.  Exhibit 210 shows bloody footprints around his head.  Exhibit 213 is a close up of Mr. Gonzales' feet with blood spatter.  The photographs indicate that Mr. Gonzales was set on fire.  As these photographs show different features of the scene and illustrate the brutality of the crime, the probative value of this evidence is not outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  Accordingly, these photographs are not excludable.

Exhibits 219, 220, 221, and 222 are photographs of victim Juana Olmeda.  Exhibits 219, 220, and 221 are photographs of Ms. Olmeda's back which has a stab wound.  Exhibit 222 is a photograph of Ms. Olmeda's left side, depicting multiple stab wounds.  Exhibit 220 shows the same area as Exhibit 219 and is therefore excluded as culmulative of Exhibit 219.  Exhibits 219, 221, and 222 are relevant to future dangerousness because they demonstrate the bloody and brutal nature of the crime. The probative value of this evidence is not outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  Accordingly, Exhibits 219, 221, and 222 are not excluded.

Exhibit 223 depicts a stab wound on Ms. Olmeda's right upper arm.  No similar photograph

11

is included.  Exhibit 224 is a photograph of Ms. Olmeda's front torso after she is turned over that demonstrates the degree of stiffness in her body.  As these photographs show the severity of the injuries they are relevant to future dangerousness.  The probative value of this evidence is not outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence. For this reason, they are not excluded.

Exhibits 225 and 226 are photographs of Ms. Olmeda's legs after she was turned over.  These photographs illustrate the bloodiness of the scene.  These photographs are cumulative of each other. Exhibits 226 is excluded as cumulative of Exhibit 225, which is not excluded.  As to Exhibit 225, the probative value is not outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.

With respect to the Chamberino autopsy photographs, Mr. Lujan objects to Exhibits 233, 234, 236, 237, 238, 239, and 240.  These are autopsy photographs of Ms. Olmeda after the blood was washed away.  They show numerous stab wounds and the manner of death.  No doubt the photographs will illustrate the testimony of the medical expert.  They are also highly relevant to future dangerousness because they show the number and location of the stab wounds.  The Government will crop the photographs to exclude Ms. Olmeda's breast.  If cropped, the probative value of Exhibits 233, 234, 236, 237, 238, 239, and 240  is not outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.  These exhibits are not excluded.

Exhibits 241, 242, 243, 244, 246, 247, 248, and 249 are photographs taken at Mr. Gonzales' autopsy after his body had been cleaned.  These photographs demonstrate the numerous stab wounds, and defensive wounds, and will assist the medical expert during his testimony.  As these photographs show the nature of the injuries and the crime, they are relevant to future dangerousness.  The probative value of this evidence is not outweighed by the danger of unfair prejudice or the needless

12

presentation of cumulative evidence.  They are not excluded.

### C.    Unidentified Exhibits.

Mr. Lujan moves to exclude all other unidentified photographs and physical evidence because the Government failed to identify them as required by this Court's Memorandum Opinion and Order. (Doc. 725).  The Memorandum Opinion and Order stated that "the United States must identify the crime scene photos, crime scene videos, autopsy photos, and bloody items of physical evidence that it intends to use as exhibits by April 29, 2011."  (Doc. 725).  In its cover letter identifying the evidence, the Government explained that "these photographs in no way represent all the photographs exhibits the Government intends to present at trial." (Govt. Ex. 1).  The Government identified crime scene photographs and videos, and autopsy photographs that it intends to use as exhibits.  The Government may not introduce any evidence in this category that it did not identify as required. However, the Government may present photographs and videos that are not crime scene photographs, crime scene videos, or autopsy photographs at trial.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion in Limine or Limit Crime Scene Photos, Video Depictions, Autopsy Photos, and Bloody Physical Evidence at Trial and Penalty Phase, if Necessary, and Request for Evidentiary Hearing (Doc. 814), filed on May 13, 2011, is **GRANTED IN PART as discussed herein.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**