**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**NO. CR 05-0924 RB**

**LARRY LUJAN,**

    **Defendant.**

**AMENDED MEMORANDUM OPINION AND ORDER**[1]

**THIS MATTER** came before the Court on the United States' Motion to Permit Inspection of Potential *Brady* and *Giglio* Materials (Doc. 1011), filed July 17, 2011. The Government seeks to review, for potential *Brady*/*Giglio* material, Doña Ana County Detention Center ("DACDC") employee Lt. Patrick Howie's e-mails and other electronic communications concerning Defendant. Lt. Howie sent those communications to the prosecuting attorneys in a CD on July 13, 2011, upon the prosecuting attorneys' request for those materials. Lt. Howie received a sealed, *ex parte* Rule 17 subpoena from the Defendant on July 12, 2011.

Before the prosecuting attorneys reviewed the CD, Deputy U.S. Marshal Denise Sanchez contacted AUSA Mark Saltman and advised him that she knew Lt. Howie had delivered the CD to him and warned that the CD may contain information that was the subject of the sealed *ex parte* Rule 17 subpoena or sealed litigation concerning Defendant. Accordingly, the Government requests that "taint" attorney AUSA Norm Cairns review the contents of Lt. Howie's CD "to determine whether

---

[1] This Amended Memorandum Opinion and Order is issued to correct the misstatement in the original Memorandum Opinion and Order that the prosecuting attorneys' were unaware of the subject *ex parte* Rule 17 subpoena on July 13, 2011. (Doc. 1032 at 1). In fact, on July 12, 2011, Lt. Howie informed the prosecuting attorneys that the DACDC received a "sealed, *ex parte*" subpoena that requested all e-mails from Lt. Howie. (Doc. 1011 at 8 n. 3).

there exists any discoverable material that should be disclosed to Lujan." Doc. 1011 at 4.

The Government also expresses its concern however, that the materials in the CD may also reveal or discuss other prisoner-transfer operations or the identity of individuals providing information to detention personnel relevant to another investigation of thirty-five members of the Barrio Azteca gang, to which Lujan allegedly belongs. Those gang members have been charged in a third superseding indictment with various counts of racketeering, murder, drug offenses, money laundering and obstruction of justice. Thus, the Government also requests that AUSA Cairns be allowed to review the CD so that he may "identify any privileged, sensitive, or confidential information that might be the subject of Lujan's sealed *ex parte* Rule 17 subpoena and object, if necessary, to its disclosure to Lujan." Doc. 1011 at 4-5.

In addition, the Government expresses its concern "that Lujan may be attempting to use Rule 17(c) subpoenas for impermissible discovery purposes," and that it "may be using sealed *ex parte* Rule 17 subpoenas to circumvent the Court's discovery Order entered in this case." *Id.* at 7-8. Thus, it also requests that the Court "unseal the sealed *ex parte* Rule 17 subpoena served on Lt. Howie on or about July 12, 2011 and any other sealed *ex parte* Rule 17 subpoenas served in this case, and [] stay production of any and all material sought by Lujan pursuant to any outstanding sealed *ex parte* Rule 17 subpoenas until Lujan's right to the requested information is litigated, if necessary." *Id.*

The Court concludes that the prosecuting attorneys in this case may review the CD sent to them by Lt. Howie in response to their valid request to review all of Howie's electronic communications, including e-mails, concerning Lujan, especially in light of the Defendant's repeated motions requesting that the Court immediately force the Government to make more

*Brady/Giglio* disclosures. There is no need for AUSA Cairns to first review the CD.

As to the Government's request that the Court unseal the subpoena issued to the Detention Center so that it can make timely challenges regarding material that may be privileged or confidential, the Government is informed that the United States Marshal Service has filed a sealed notice, which was not electronically or otherwise served on the Government (but which was electronically served on the Defendant), which apprises the Court of the USMS's intent to seek a protective order regarding the subpoena, and which counsel for the USMS has seen. *See* Doc. 1005. There is, therefore, no need to unseal the subpoena at this time.

The Court is aware of its gatekeeping function in issuing Rule 17 subpoenas, and will not unseal all of the Rule 17 subpoenas so that the Government can monitor the Court's decisions.

**IT IS ORDERED** that the motion to permit inspection is GRANTED in PART and DENIED in PART as set forth above, and that the prosecuting attorneys may review the CD that Lt. Howie sent to them on July 13, 2011 in response to their *Brady/Giglio* inquiry.

_____
UNITED STATES DISTRICT JUDGE