IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

**vs.**               **No. CR 05-0924 RB**

**LARRY LUJAN,**

  **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion for Judgment of Acquittal, made in open court, on July 27, 2011. The United States opposes this Motion. Having considered the arguments of counsel, evidence of record, and relevant law, the Court denies the Motion.

**I. Background.**

Defendant is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 145). The Third Superseding Indictment included a Notice of Special Findings against Defendant, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. (Doc. 145). On July 12, 2007, and February 17, 2011, the United States filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. (Docs. 146 and 690). The trial phase commenced on July 18, 2011. The government rested it case on July 27, 2011.

**II. Standard.**

Rule 29(a) provides that, on a defendant's motion, a court must enter a judgment of acquittal if the evidence is insufficient to sustain a conviction. See Fed. R. Crim. P. 29(a). In addressing a

Rule 29 motion, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

### III. Discussion.

18 U.S.C. § 1201(a) provides:

> Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when -
>
> (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;
>
> shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

18 U.S.C. § 1201(a).

The elements of this crime are: (1) the defendant, knowingly acting contrary to law, kidnapped the victim by seizing, confining, or abducting him, as charged; (2) the defendant kidnapped the victim for some purpose or benefit; (3) the defendant willfully transported the victim; (4) the transportation was in interstate commerce; and, (5) the victim's death resulted from the kidnapping.

In support of his Rule 29 motion, Defendant relies on *Government of Virgin Islands v. Berry*, 604 F.2d 221 (3rd Cir. 1979), in which the Third Circuit construed the Virgin Islands kidnapping statute and reversed the defendants' conviction on a kidnapping count because what really occurred was simply a robbery. *Berry*, 604 F.2d at 222. In *Berry*, the victim owed a drug debt to one of the defendants. *Id*. The victim voluntarily got in the car with the defendants, who first told him they

would drop him off at a bar and then at a friend's house. *Id*. Instead, the defendants drove to the beach, told the victim to take off his clothes, and go for a swim. *Id*. While the victim was in the water, the defendants removed a shotgun from the car trunk, but the record did not reveal whether they pointed the gun at the victim. *Berry*, 604 F.2d at 223. The defendants called the victim out of the water and told him to pay up by the next day, or he would be killed. *Id*. The defendants then drove off with the victim's clothes. *Id*. After borrowing a raincoat from a passerby, the victim summoned the police. *Id*. As the police drove to the beach, they discovered the victim's clothes lying in the middle of the road. *Id*. The victim's wallet was missing. *Id*. The defendants were charged with kidnapping and robbery. *Id*.

In reversing the kidnapping conviction, the Third Circuit articulated a four-part test to distinguish kidnapping from other offenses involving asportation or detention of the victim. *Berry*, 604 F.2d at 224-27. These four factors are: (1) the duration of the detention or asportation; (2) whether the detention or asportation occurred during the commission of a separate offense; (3) whether the detention or asportation which occurred is inherent in the separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense. *Id.* at 227. In *Berry*, the defendants were charged with both kidnapping and robbery. The instant case differs materially from *Berry* in that Defendant is charged only with kidnapping resulting in death and aiding and abetting. Moreover, the Tenth Circuit has not decided whether to adopt the *Berry* test. *See United States v. Gabaldon*, 389 F.3d 1090, 1097 (10th Cir. 2004).

In any event, the evidence of record is sufficient to support the kidnapping charge as well as aiding and abetting. The testimony herein was that Defendant and an associate seized Mr. Grauke from the Grauke home in San Antonio, Texas, because Defendant believed that Mr. Grauke owed

him a debt related to drug-dealing. While driving around San Antonio with his cohorts and Mr. Grauke, Defendant demanded money from Mr. Grauke, offered to sell Mr. Grauke "like a bitch," sexually assaulted Mr. Grauke, and battered Mr. Grauke. Defendant and his associates placed Mr. Grauke in the luggage compartment of a Jeep Cherokee, and proceeded on a road trip west on Interstate 10. After making several stops, including a foray to the El Paso flea market to purchase personalized sunglasses, the party arrived at the Quintana residence in Anthony, New Mexico. Once at the Quintana residence, Defendant displayed Mr. Grauke to Daniel Quintana, and directed an associate to assault Mr. Grauke while Mr. Grauke was still confined in the luggage compartment. Mr. Grauke remained in the luggage compartment for the entire thirty-six-hour period. Mr. Grauke was not free to leave, and did not leave, the luggage compartment during the ordeal. Mr. Grauke remained in the luggage compartment as Defendant drove away from the Quintana residence. A short time later, Mr. Lujan returned in the Jeep Cherokee, without Mr. Grauke. Mr. Lujan had mud and blood on him. Subsequently, Mr. Grauke's body was discovered in an irrigation ditch not far from the Quintana residence. Mr. Grauke had been repeatedly stabbed. The record evidence, and the fair inferences drawn therefrom, viewed in the light most favorable to the government, would allow a rational trier of fact to find the essential elements of kidnapping resulting in death beyond a reasonable doubt.

**THEREFORE,**

**IT IS ORDERED** that the motion is denied.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**