IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                              **NO. CR 05-0924 RB**

**LARRY LUJAN,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion In Limine to Preclude Testimony of Neuro-Pharmacologist or in the Alternative to Order that Defendant Submit to an Interview by Government Experts, filed July 29, 2011 [Doc. 1076]. The Court held a hearing on the motion on August 1, 2011.

The pre-trial Order in this case required the parties to "complete final Rule 16 disclosures . . . [and] file an amended witness list no later than May 16, 2011." Doc. 784. On May 16, 2011, Defendant filed a notice, pursuant to Fed. R. Crim. P. 12.2(b)(2), that he intended to present the expert testimony of William Morton, Pharm. D., to "present expert testimony in the field of neuropharmacology . . . at the guilt innocence phase in these proceedings." Doc. 802. The notice stated that "Dr. Morton will conduct no testing of Defendant;" but that he would "provide testimony relating to Defendant's mental condition bearing on the issue of guilt or penalty in this case." *Id.* The trial in this case commenced on June 20, 2011.

On, June 17, 2011, the United States filed a Motion to Exclude [Dr. Morton's] Testimony, or in the Alternative, to Compel Discovery and Conduct a *Daubert* Hearing. *See* Doc. 891. The basis of this motion was that the Defendant had not complied with the pre-trial Order or with Fed.

R. Crim. P. 16(b)(1)(C), which requires a defendant to supply the government with a summary of the expert's testimony that also describes "the bases and reasons for those opinions." Rule 16(b)(1)(C). Because Dr. Morton had not written a report, the Court issued an order requiring Defendant to "supplement, exhaustively and conclusively, the summary of Dr. Morton's testimony and opinions" in accordance with Rule16(b)(1)(C) by July 20, 2011. Doc. 991 at 2. The Court then gave the United States two days to either supplement its motion to exclude testimony and request a *Daubert* hearing or withdraw its motion. *See* Doc. 991 at 3. After jury was selected, the guilt/innocence phase of the trial began on July 18, 2011. On July 20, 2011, Defendant filed Dr. Morton's report. *See* Doc. 1030. On July 26, 2011, after the Defendant that the Government had neither supplemented nor withdrawn its *Daubert* motion as required by the July 12, 2011 Order, the Government reluctantly filed a motion to withdraw its request, *see* Doc 1060, which the Court granted, *see* Doc. 1061. The Government rested its case on July 27, 2011.

Although the Government does not mention *Daubert* in its motion to exclude Dr. Morton's testimony, it is requesting exclusion of Dr. Morton's testimony as unreliable because his report indicates that "the primary source of information upon which Dr. Morton would render an opinion" is Defendant's apparent unsworn statements to Dr. Morton regarding his previous "ingestion of various drugs, including beer, Xanax, marijuana, cocaine, and inhalants . . . [which] are not particularly consistent with trial testimony to this point" and, which are, in the absence of Defendant's sworn testimony at trial, therefore, "inherently unreliable." Doc. 1076 at 2.

In the alternative, the Government requests an opportunity "for more complete discovery and to interview/examine the Defendant," *id.*, under Rule 12.2(c)(1)(B), which gives the court discretion to "order the defendant to be examined under procedure ordered by the court." Fed. R. Crim. P.

12.2(c)(1)(B).  At the hearing, the Defendant first argued that Dr. Morton was not actually a Rule 12.2 expert because, contrary to his Notice of May 16, 2011, Dr. Morton will not testify as to Defendant's mental condition.  According to counsel, Dr. Morton will testify only to the general effects of combining drugs and alcohol on the human body.  The Defendant further argues that Rule 12.2 does not apply because Dr. Morton never conducted any "examinations," – he only interviewed Defendant – so the Government cannot examine him.  The Court rejects this argument because the Rule specifically states that, if the Defendant provides notice under Rule 12.2(b) that he will introduce expert testimony relating to "any mental condition" of the defendant bearing on guilt or sentencing, the government may request an examination, notwithstanding whether the expert has "examined" the defendant in the same manner as the government desires.  Nevertheless, because Rule 12.2 was intended to prevent delay in ordering examinations after a trial has started, *see* Advisory Committee Notes, and the Government does not explain why it waited for two months to request an examination after it was given a facially-valid Rule 12.2(b) notice (other than to contend at the hearing that the notice was "too vague"), the Court will deny the Government's request for an examination.

In addition, the Government contends that Dr. Morton's "expert report is incomplete;" that he "makes specific assertions regarding Defendant's drug and alcohol use, but does not cite his sources for these assertions;" that "it is unclear when Defendant is alleged to have ingested such drugs and alcohol;" and that Defendant's "historical use, as opposed to specific use on or about March 7-8, 2005, is irrelevant."  Doc. 1076 at 3.  The Government asserts that the "Defendant's disclosure is insufficient to allow the Government to effectively prepare to cross-examine and rebut Dr. Morton."  *Id.*  Accordingly, it "requests immediate disclosure of supplemental information . .

. includ[ing] all evidence, information, data, records, and documents reviewed by Dr. Morton, including any transcripts or notes of Dr. Morton's interview of Defendant. Additionally, this disclosure should include copies of any exhibits or visual aids Dr. Morton would use in conjunction with his testimony, including any slide presentations planned to assist testimony." *Id.* The Defendant objects to the disclosure based upon his contention that he has already given the United States more than Rule 16 requires and that the Government has no right to Dr. Morton's "work product." The Court disagrees. To properly cross-examine Dr. Morton, the Government must know where he obtained the data he received upon which he bases his statement that Defendant was consuming 30 mg/day of Xanax, plus cocaine and alcohol at the time he committed the crime of which he is accused. The Court considers these statements to be "medical reports" that are an exception to the bar against disclosure by a defendant under Rule 16(b)(2). The Government must be given the opportunity to challenge the reliability of Dr. Morton's factual data so that a jury may determine how much weight, if any, to give it. Defendant shall provide to the Government by 6:30 p.m. on August 1, 2011 Dr. Morton's notes from his interview with Defendant, plus any other statements upon which he relied in developing his expert testimony, as well as any medical, prescription, or other records upon which he relied in arriving at his opinion.

**IT IS ORDERED THAT** the United State's motion to exclude is DENIED in PART and GRANTED in PART, and that, if Dr. Morton is going to testify regarding the Defendant's mental condition, Defendant shall turn over to the Government Dr. Morton's interview notes, and other statements and records as set forth above, by 6:30 p.m. on August 1, 2011.

                                                                                         **ROBERT C. BRACK**
                                                                                         **UNITED STATES DISTRICT JUDGE**