IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                           NO. CR 05-0924 RB

LARRY LUJAN,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion To Allow The Assistance Of Counsel When Exercising His Right To Allocute And Request For Evidentiary Hearing, filed August 15, 2011. *See Doc. 1151.* I find no response or hearing is necessary before ruling on the matter. I will grant in part and deny in part Defendant's motion.

In entertaining Defendant's request to allocate without cross-examination, I found no constitutional right to allocution, but did identify those decisions that accommodated a defendant's request to allocate before a death penalty jury retires to consider the penalty. *See Doc. 730* at 3-5. Insofar as Defendant sought permission for "unfettered allocution to the jury during" the selection phase, I denied the motion. In light of the cases I identified, however, I asked parties to be prepared to discuss alternative methods of allocution at a hearing set in April. *See Doc. 730* at 5. We did so. *See Doc. 761* at 5-6.

Thereafter, I made my final ruling on the subject, after considering the United States' motion in limine and taking into consideration the concerns of both parties. *See Doc. 782* at 19-21. I decided that Defendant could make "a brief personal statement for the purposes of

expressing his remorse and appealing for leniency," though he "**may not** comment upon any evidentiary issues." *Doc. 782* at 20 (emphasis original). Consistent with defense counsel's requested procedures, the statement is to be written though need not be sworn, will be delivered at the conclusion of the selection phase just before the parties begin closing argument, and will be delivered by Defendant from counsel table. *Id.* The written statement must be disclosed to the prosecution at least one week prior to closing arguments so that the United States can make objections and the Court can rule on them. *Id.* To ensure that the allocution statement reflects Defendant's original and sincere thoughts, defense counsel "may not assist Defendant in preparing the statement." *Id.* The prosecution may not cross-examine Defendant on the statement, but may comment in summation on the fact that the statement was not sworn or crossed, provided the prosecutors' comment "do not cross the line into impermissible Fifth Amendment territory." *Doc. 782* at 21. As an example of impermissible territory, I cited the situation where, instead of confining comments to "the fact that an allocution as unsworn and uncrossed (deemed permissible)," the prosecutor's comments "emphasize the defendant's failure to testify (deemed impermissible)." *Doc. 782* at 21 n.5 (internal quotation and citation omitted).

Defendant asks me to reconsider my prior ruling and asks that counsel be permitted to assist Defendant in preparing his statement. *See Doc. 1151* at 5-6. As grounds he asserts that not allowing counsel to assist in the preparation of the statement denies his right to counsel in violation of the Sixth Amendment. He cites *Cronic* for the proposition that anything that prevents counsel from "assisting" during a critical stage amounts to constitutional error without any showing of prejudice. *See Doc. 1151* at 3 (citing *United States v. Cronic*, 466 U.S. 648 (1984)).

It is well-settled, both from the language of *Cronic* itself and by subsequent binding authority, that a *Cronic* violation is an extremely rare circumstance. Relief for ineffective assistance of counsel without an inquiry into prejudice only occurs where trial counsel completely fails to oppose the prosecution throughout the trial as a whole. That is clearly not the case here. *E.g., Hooks v. Workman,* 606 F.3d 715, 724-25 (10th Cir. 2010); *United States v. Gonzalez,* 592 F.3d 1228, 1238039 (10th Cir. 2010). More fundamentally, the *Cronic* exception to the two-part *Strickland* test for a constitutional violation of the Sixth Amendment focuses on the deficiencies in **defense counsel's** conduct, but here defense counsel has not and will not be absent in any sense of that word from any stage of these proceedings.

Defendant also asserts that his allocution statement implicates his Fifth Amendment rights against self-incrimination and cites *Estelle v. Smith,* 451 U.S. 454 (1981) for the proposition that the "unwarned, involuntary statements" a defendant made during an uncounseled "pretrial psychiatric interview," cannot be used "for the purpose of seeking the penalty of death." *Doc. 1151* at 5. As is obvious from the context of this argument, *Estelle* is likewise inapposite since there the government was the entity that violated the constitutional guarantee. Defendant is not being compelled against his will to allocute. The Court will not compel him to make the statement if he ultimately choses not to do so. Nor is the United States attempting to establish "future dangerousness by relying on [any] unwarned statements" Defendant made. Moreover, nothing in the limited scope of the statement compels Defendant to "incriminate" himself in any sense of that word. That is particularly so where, as here, the defense strategy from the outset has been to admit that Defendant killed the victim.

Defense counsel asserts that Defendant's "allocution statement to the jury is unquestionably an important part of any mitigation case he might have to present." *Doc. 1151* at 5. That comment overstates what the Court has allowed. The Court has not, and does not, consider the allocution statement to be part of the defense "mitigation" case. Due to the structure of the FDPA, the allocution statement must be made before the jury. This Court has no discretion to impose a sentence other than death or life imprisonment without the possibility of release, whichever the jury recommends. *See* 18 U.S.C. § 3594 ("Upon a recommendation under section 3593(3) that the defendant should be sentenced to death or lie imprisonment without possibility of release, ***the court shall*** sentence the defendant accordingly.") (emphasis added). Allowing Defendant the opportunity to allocate in my presence, after the jury has decided his fate, but before I enter judgment, would be a meaningless act. *See Doc. 730* at 4 (citing the approaches taken by *United States v. Wilson,* 493 F. Supp. 2d 509, 510 (E.D.N.Y. 2007) and *United States v. Henderson,* 485 F. Supp. 2d 831, 845 (S.D. Ohio 2007)); *Doc. 782* at 19 (noting that "[a]t the hearing on April 4, 2011, counsel for Defendant requested that the Court adopt at least some of the procedures from . . . *Wilson*"); *Doc. 782* at 19-20 (adopting a combination of the approaches taken by the *Wilson* and *Henderson* courts).

Finally, and most importantly, none of the cases cited by Defendant stand for the proposition that the procedures defense counsel urged this Court to adopt to benefit their client somehow conflate into constitutional error because the Court will not let counsel draft Defendant's expression of remorse and appeal for leniency or advise him on what to tell the jurors in that regard. As previously ordered, the statement is intended to be "a limited personal statement, followed immediately by a limiting instruction, and coupled with the potential for

proper comment in summation." *Doc. 782* at 21. I found, and still find, that to be a "particularly appropriate balance given my conclusions that Mr. Lujan's family and friends are prohibited from advocating against imposing the death penalty and the defense may not introduce evidence concerning Mr. Lujan's offers to plead guilty and accept a life sentence." *Id.* Based on defense counsel's Fifth Amendment concerns, I will allow defense counsel to review Defendant's statement before transmission to the Government, and to consult with Defendant about any potentially troubling content.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's motion *(Doc. 1151)* is GRANTED AS SET FORTH ABOVE AND OTHERWISE DENIED.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**