## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    NO. CR 05-0924 RB

LARRY LUJAN,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Compel Discovery of a List of Mitigating Factors and Selection Phase Witnesses, (Doc. 1163), filed on August 16, 2011. Defendant filed a response in opposition on August 23, 2011. (Doc. 1199). Having considered the submissions of counsel, the record, relevant law, and being otherwise fully advised, the Court grants this Motion, subject to the limitation discussed herein.

I.        **Background.**

Defendant is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 145). The Third Superseding Indictment included a Notice of Special Findings against Defendant, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. (Doc. 145). On July 12, 2007, and February 17, 2011, the government filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. (Docs. 146 and 690). The trial phase commenced on July 18, 2011. The government rested its case-in-chief on July 27, 2011. The defense rested its case on August 3, 2011. The government rested its rebuttal case and the jury was instructed on August 8, 2011. Following closing arguments, the jury returned a guilty verdict on August 9, 2011. After the eligibility phase, on August 11, 2011, the jury found Defendant eligible for the death

penalty.  The sentence selection phase will commence on August 29, 2011.

## II.    Summary of Arguments.

The government moves to compel Defendant to disclose a list of mitigating factors and selection-phase witnesses.  (Doc. 1163).  Defendant opposes this motion on the grounds that the government has the burden of proving non-statutory aggravating factors beyond a reasonable doubt, the law does not require disclosure, any disclosure should be subject to a protective order requiring the government to approach the defense witnesses initially by a letter approved by the Court, and Defendant is unable to provide a list of mitigating factors.  (Doc. 1199).  "Defendant is willing to stipulate that, insofar as it is possible, notice of which witnesses, including expert witnesses, will testify will be made five days in advance of their testimony."  (Doc. 1199).  Additionally, Defendant states that the parties should exchange exhibits by August 26, 2011.  (Doc. 1199).

## III.    Discussion.

The Supreme Court has recognized that "in capital cases . . . the Eighth Amendment . . . requires consideration of the character and record of the individual offender and the circumstances of the particular offense as a constitutionally indispensable part of the process of inflicting the penalty of death."  *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976).  Due to the "unique nature of the death penalty," the Eighth Amendment demands "heightened reliability . . . in the determination whether the death penalty is appropriate in a particular case."  *Sumner v. Shuman*, 483 U.S. 66, 72 (1987).  As a result, the Supreme Court has underscored that "in capital cases, it is constitutionally required that the sentencing authority have information sufficient to enable it to consider the character and individual circumstances of a defendant prior to the imposition of a death sentence."  *Id.*  Notably, reliability at sentencing is enhanced by admitting more evidence rather than less, so that the sentencing authority may have a complete picture of the defendant as an individual.  *See Gregg v.*

2

*Georgia*, 428 U.S. 153, 204 (1976) (stating it is "desirable for the jury to have as much information before it as possible when it makes the sentencing decision.").

Consistent with these principles, the FDPA authorizes a jury to impose a death sentence "after consideration of the factors set forth in section 3592." 18 U.S.C. § 3591(a). Section 3592 lists both mitigating and aggravating factors. *See* § 3592(a) and (c). The FDPA sets out procedures for the penalty phase in Section 3593(c). "The government shall open the argument. The defendant shall be permitted to reply. The government shall then be permitted to reply in rebuttal." *Id.* Notably, the FDPA expressly provides that the government has a right to rebut the mitigating factors: "[t]he government and the defendant shall be permitted to rebut any information received at the hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor; and as to the appropriateness in the case of imposing a sentence of death." 18 U.S.C. § 3593(c).

The FDPA requires the government to give the defendant notice of aggravating factors at a reasonable time before trial. 18 U.S.C. § 3593(a). While the FDPA imposes no reciprocal duty on the defense regarding mitigating factors, Federal Rule of Criminal Procedure 57(b) provides: "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b). Rule 57(b) gives the court inherent authority to regulate procedures consistent with the rules. *See, e.g., United States v. Edelin*, 134 F. Supp. 2d 45, 48 (D.D.C. 2001) (citing cases).

Courts have held that the policies underlying the FDPA and the Federal Rules of Criminal Procedure support the disclosure of penalty-phase information by the defendant. *See United States v. Wilson*, 493 F. Supp. 2d 348, 354 (E.D.N.Y. 2006) (holding that the disclosure provisions of Rule 16(b)(1)(C) apply to mental-condition mitigation evidence in a death-penalty trial); *United States v.*

*Catalan Roman*, 376 F. Supp. 2d 108, 115 (D.P.R. 2005) ("Where faced with procedural gaps arising under the FDPA because of its silence regarding disclosure, courts are crafting appropriate procedures pursuant to their inherent powers, [and] importing standards from the Federal Rules of Criminal Procedure."); *United States v. Beckford*, 962 F. Supp. 748, 754-57 (E.D. Va. 1997) (ordering penalty-phase mental-condition evidence disclosure because "the authority to impose notice and reciprocal discovery is an inherent judicial power which need not be grounded in a specific statute or rule").

As the court in *Catalan Roman* observed, "the fair and efficient administration of justice, avoiding surprise and ensuring an informed sentencing determination" militate in favor of pretrial disclosure of non-mental health mitigating factors. *Catalan Roman*, 376 F. Supp. 2d at 114. *See also United States v. Haworth*, 942 F. Supp. 1406, 1408 (D.N.M. 1996) (finding that the government must have a "meaningful" opportunity to rebut, and ordering mental examination of defendant so as not to "sharply curtail" the government's ability to rebut); *Beckford*, 962 F. Supp. at 758 (holding that the government's ability to rebut defendant's evidence of mental condition would be "sharply curtailed, if not entirely eviscerated," without notice of a mental-health defense and an opportunity to examine defendant); *Edelin*, 134 F. Supp. 2d at 53 ("The Court finds that some information must be provided to the government's expert witnesses or the resulting testimony will be meaningless or misleading.").

Defendant does not dispute that this Court has inherent authority to order the requested disclosures. Although, under Federal Rule of Criminal Procedure 16(b)(2)(B)(iii), a defendant specifically is not required to disclose any statements made to the defendant by a prospective defense witness, the Rule does not provide for nondisclosure of a witness list or list of mitigating factors the defendant intends to establish. Instead, this situation is more akin to requiring a defendant to disclose notice of his alibi defense and the name, address, and telephone number of each alibi witness. *See* Fed. R. Crim. P. 12.1(a)(2). Accordingly, the Court concludes that 18 U.S.C. § 3593(c) provides a

4

statutory basis to exercise its inherent Rule 57(b) authority to require Defendant to disclose a list of the specific mitigating factors he intends to establish and a list of witnesses, including non-mental-health expert witnesses, he intends to present during the penalty phase of trial.

Defendant has been convicted and found eligible for the death penalty. Defendant has informed the Court that he intends to present fifty-eight witnesses and approximately sixteen trial days of testimony in the selection phase.  In the interest of fairness and to avoid delay, the Court directs Defendant to disclose a list of the specific mitigating factors he intends to establish and a list of witnesses he intends to present during the selection phase.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery of a List of Mitigating Factors and Selection Phase Witnesses, (Doc. 1163), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant must disclose to the government a list of the specific mitigating factors he intends to establish and a list of witnesses he intends to present during the selection phase of trial, on or before August 29, 2011.  Defendant should present to counsel for the government any protective order that the defense would like for the Court to consider entering.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**