IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  NO. CR 05-0924 RB

LARRY LUJAN,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion To Exclude Irrelevant And Unfairly Prejudicial Testimony of Andres Sanchez And Request For Limiting Instruction, filed August 26, 2011. (Doc. 1231). On August 29, 2011, I heard further argument from Defendant in open court. The government filed a written response on August 30, 2011. (Doc. 1257). Having considered the submissions of counsel, the record, relevant law, and being otherwise fully advised, the Court denies this Motion in part, as further discussed herein.

Defense counsel acknowledge that this Court held a hearing and ruled on their *Daubert* motion to exclude this witnesses' testimony. They characterize my ruling as holding that the witness "could testify regarding the significance of two items of evidence, namely, artwork on an item confiscated from Mr. Lujan's cell and on a letter to Mr. Lujan." (Doc. 1231 at 2). As I understand it, defense counsel now argue that I must limit the expert's testimony to his opinion about gang membership and those two facts, because of the potential for prejudice if the jury "may find [Defendant] is a future danger merely based on a finding that he is associated with Barrio Azteca and imputing alleged activities of other Barrio Azteca members to Mr. Lujan." (Doc. 1231 at 4). The defense thus asks the Court to specifically instruct the jury that it can only consider the two facts

as the expert's "gang-related testimony . . . for the purpose of understanding [his opinion], but not as evidence of Mr. Lujan's possible membership in Barrio Azteca." (Doc. 1231 at 5).

The defense relies on a characterization that is simply too narrow a reading of my prior ruling. The two facts they identify form the basis for the expert's *opinion* (which he may or may not give) that Defendant is a member of the Barrio Azteca gang, but they are not the only facts he will testify to concerning the structure and other aspects of the gang. (See Doc. 1180 at 4-6). Even though counsel did not expressly challenge the expert's proffered fact testimony about the gang in general, in order to make the threshold relevancy considerations in a *Daubert* analysis, I held that the expert's factual testimony is "clearly admissible" on the subject of future dangerousness. (Doc. 1180 at 4-5; *see also* Doc. 841 (focusing on this expert's opinion); Doc. 1237 at 162-64 (transcript of hearing; defense argument); Doc. 826 at 4 (gang participation relevant to future dangerousness)). That is so because jurors "lack [ ] common knowledge and experience with such groups outside of prison and within the prison setting in general." (Doc. 1180 at 5). As for counsel's "hearsay" arguments, there has been no assertion or showing that the entirety of the expert's fact testimony is based on any such impermissible basis.

Defense counsel also assert that any other testimony by this expert "concerning the nationwide and international activities of the Barrio Azteca" should be disallowed, not only because such testimony is not "individualized" to the Defendant, but also because it could be based on "hearsay and otherwise unreliable or inadmissible evidence" such as "out-of court testimonial statements of cooperating witnesses and confidential informants." (Doc. 1231 at 4-5 (internal quotations and citation omitted)).

The "individualized" determination required by *Tuilaepa* does not prohibit the government from introducing testimony about gang membership to show future dangerousness. Rather, the

individualized determination refers to mitigating evidence by the defense. "What is important at the selection stage is an individualized determination on the basis of the character of the individual and the circumstances of the crime." *Tuilaepa v. California,* 512 U.S. 967, 972-73 (1994). Thus, *Tuilaepa* is not helpful to Defendant on this issue.

Additionally, Defendant asserts that in the *Taveras* case, the district court did not permit the government's gang expert at the penalty phase to present "'communicated out-of-court testimonial statements of cooperating witnesses and confidential informants directly to the jury in the guise of an expert opinion,'" and asks this Court "to similarly limit" the expert's testimony. (Doc. 1231 at 5 (quoting *United States v. Taveras,* 585 F. Supp. 2d 327, 340 (E.D.N.Y. 2008)). However, in ruling on the original *Daubert* motion, I explained why *Taveras* is distinguishable from this case. (*See* Doc. 1180 at 6-7). In *Taveras,* the defendant's Dominican nationality and association with other Dominicans in prison was the primary basis to link him with gang membership. Aside from that impermissible and prejudicial inference, the only evidence providing the link was speculation by a prison guard that the defendant was a member of the gang, the non-expert suspicion by an inmate about the significance of the defendant's "dot" tattoo, and the statement by defendant's daughter to the expert that he belonged to a different gang. *See Taveras,* 585 F. Supp. 2d at 332-36. Here, law enforcement officers who investigated this case and associates of Defendant have testified, or will testify, that Defendant is affiliated with the Barrio Azteca. There has been no indication that these witnesses base Defendant's association with the gang, even in part, on his Hispanic heritage. Additionally, Detective Sanchez will base his opinion about Defendant's gang membership on the artwork confiscated from Defendant's cell and on a letter to Defendant from a person the detective knows to be an upper-level member of the Barrio Azteca. These factors readily distinguish *Taveras* from the case at hand.

That said, I realize the defense is concerned that the jury not condemn "Mr. Lujan . . . based solely on association," with a gang of the sort like the Barrio Azteca. (Doc. 1231 at 4). As I indicated during open Court, I will consider any focused and proper instruction the defense might request on association.

**THEREFORE,**

**IT IS HEREBY ORDERED THAT** Defendant's motion Defendant's Motion To Exclude Irrelevant And Unfairly Prejudicial Testimony Of Andres Sanchez And Request For Limiting Instruction (Doc. 1231) is DENIED, except as to the request for a limiting instruction.

**IT IS FURTHER ORDERED THAT** the Court will consider any instruction the defense tenders relating to Defendant not being responsible for the acts of the Barrio Azteca generally.

*/s/ Robert Brack*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**