IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                               NO. CR 05-0924 RB

LARRY LUJAN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion in Limine to Exclude Video Recording of Defendant and his Children, (Doc. 1225), filed on August 26, 2011. Defendant filed a response in opposition to this Motion on August 30, 2011. (Doc. 1261). Having considered the submissions of counsel, the record, relevant law, and being otherwise fully advised, the Court grants this Motion in part, as further discussed herein.

**I.**    **Background.**

Defendant was charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 145). The Third Superseding Indictment included a Notice of Special Findings against Defendant, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. (Doc. 145). On July 12, 2007, and February 17, 2011, the government filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. (Docs. 146 and 690).

The trial phase commenced on July 18, 2011. The jury returned a guilty verdict on August 9, 2011. After the eligibility phase, on August 11, 2011, the jury found Defendant eligible for the death penalty. The sentence selection phase began on August 29, 2011.

On May 18, 2011, the Court issued an Ex Parte Order granting Defendant's Ex Parte Motion to allow two contact visitations between Defendant and his sons, and Defendant and the two children of his uncle, Rafael Martinez-Vasquez. (*See* Doc. 824). Defendant fostered these young cousins while Mr. Martinez-Vasquez and his wife were incarcerated. (*Id.*) The purpose of the videotape was to allow Mr. Lujan the opportunity to show that he is a good father to his sons and an effective foster father to his cousins. (*Id.*) On or about July 15, 2011, the defense team recorded video of the Defendant visiting with his children and the Martinez-Vasquez children at the Federal courthouse. Defendant has been in custody at all relevant times.

Defendant disclosed two digital video disks (DVDs) to the government and the court on August 15, 2011. The Court has reviewed the DVDs. It is apparent that the videos were extensively edited based on minutes skipped over and other factors. After the conclusion of the edited video recordings of the visits, the DVDs show a montage of still pictures of the children as well as staged individual interviews with the children. The still images were taken directly from the video footage.

**II.      Summary of Arguments.**

The government moves to exclude the videos recordings on the grounds that such evidence is improper execution impact evidence, constitutes improper allocution, is unreliable, and is unfairly prejudicial. Additionally, the government states that the still pictures and interviews with the children are inadmissible under any circumstances. In the alternative, the government requests immediate disclosure of unedited copies of the video recordings and requests that the Defendant be limited to producing only the full, unedited versions of the recorded visits.

Defendant responds that he has a right to present mitigation evidence and to counter the

aggravating factor of future dangerousness. Defendant maintains that the videos are not intended to circumvent the prior rulings of the Court.

### III.     Discussion.

The Supreme Court has held that the scope of constitutionally protected mitigating evidence is evidence reflecting on the defendant's background or character, or on the circumstances surrounding the crime. *Lockett v. Ohio*, 438 U.S. 586, 604 n. 12 (1978) (authorizing the trial court to exclude "as irrelevant, evidence not bearing on the defendant's character, prior record, or the circumstances of his offense"). "The objective of the sentencing stage of a capital case is to allow the jury a full appraisal of the defendant." *United States v. Lujan*, 603 F.3d 850, 858 (10th Cir. 2010) (*citing Gregg v. Georgia*, 428 U.S. 153, 203-04 (1976)).

> During the sentencing selection phase, Section 3593(c) governs and:
>
> Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.

18 U.S.C. § 3593(c).

Section 3593(c) also provides that the Government "may present any information relevant to an aggravating factor for which notice has been provided" and that a defendant "may present any information relevant to a mitigating factor." 18 U.S.C. § 3593(c). In applying § 3593(c), the Tenth Circuit has stated that "information is admissible at a capital sentencing if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the [information].' " *Lujan*, 603 F.3d at 854 (quoting Fed. R. Evid. 401).

Notably, this Court has excluded execution impact evidence. (*See* Doc. 782). More specifically, the law allows "the family and friends of Mr. Lujan to testify about his life and characteristics, but . . . prohibits them from specifically advocating against the death penalty, or its likely impact on their lives." (Doc. 782 at 6.) In other words, while Mr. Lujan may present evidence that he is a good father, he may not use his children to evoke sympathy from the jury. Moreover, this Court has held that allocution will be limited to allowing Defendant to present a brief personal statement for the purposes of expressing his remorse and appealing for leniency. (Doc. 782). Simply put, Defendant may not use the video recordings of his children to indirectly appeal for leniency.

Consistent with these holdings, the Court finds that the video recordings showing Defendant's interactions with the children are proper mitigation evidence because they illustrate his relationships with the children and his ability to parent. However, the video recordings were edited. Important information about these factors may have been left out. In the interest of fairness, Defendant must immediately disclose the entire recordings to the government. If the government wants to use any of the edited material as part of its own case, it may move to do so.

The still pictures of the children were taken directly from the video that will be admitted. For this reason, the still images are cumulative. While they add nothing of substance, they are arranged to evoke sympathy for the children. In other words, any probative value the still pictures may have is outweighed by the danger of confusing the issues or misleading the jury. The individual interviews with the children are not relevant because they do not illustrate Defendant's interaction with the children. Additionally, any probative value of the interviews is outweighed by the danger of confusing the issues or misleading the jury.

In summary, the still pictures and interviews of the children are excluded. Defendant

may present the video recordings of his visits with the children. Defendant must immediately disclose the entire, unedited recordings to the government. If the government wants to use any of the video, it may so request.

**THEREFORE,**

**IT IS ORDERED** that Motion in Limine to Exclude Video Recording of Defendant and his Children, (Doc. 1225), filed on August 26, 2011, is **GRANTED** in part as further discussed herein.

**IT IS FURTHER ORDERED** that Defendant must disclose the complete, unedited video recordings to the government immediately.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**