IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                                                                                **NO. CR 05-0924 RB**

**LARRY LUJAN,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Compel Discovery of Information Relating to Penalty Phase Witnesses, (Doc. 1291), filed on September 6, 2011. Defendant filed a response in opposition on September 7, 2011. (Doc. 1303). Having considered the motion, response, the record, relevant law, and being otherwise fully advised, the Court grants this Motion.

**I.     Background.**

Defendant is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 145). The Third Superseding Indictment included a Notice of Special Findings against Defendant, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. (Doc. 145). On July 12, 2007, and February 17, 2011, the government filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. (Docs. 146 and 690). The trial phase commenced on July 18, 2011. The jury returned a guilty verdict on August 9, 2011. After the eligibility phase, on August 11, 2011, the jury found Defendant eligible for the death penalty. The sentence selection phase commenced on August 29, 2011. The government will rest its penalty

selection phase case on September 8, 2011. Defendant has estimated that his case will conclude during the week of September 28, 2011. During the jury selection process, jurors were informed, based on estimates of counsel, that the trial would conclude by September 9, 2011.

On August 24, 2011, the Court granted Plaintiff's Motion to Compel Discovery of a List of Mitigating Factors and Selection Phase Witnesses, (Doc. 1163), and ordered Defendant to disclose to the government a list of the specific mitigating factors he intends to establish and a list of witnesses he intends to present during the selection phase of trial, on or before August 29, 2011. Defendant disclosed a list of sixty-one names and a list of sixty-two mitigating factors.

## II.  Summary of Arguments.

The government moves for an Order compelling discovery of information relating to certain of the Defendant's selection phase witnesses. (Doc. 1291). As grounds, the government relies on this Court's Memorandum Opinion and Order requiring the Defendant to file a list of mitigating factors and selection phase witnesses, (Doc. 1212), as well as its statutory right to rebuttal under 18 U.S.C. § 3593(c). (Doc. 1291). Specifically, the government "seeks full discovery relating to all witnesses who will testify in an expert or quasi-expert capacity regarding topics including but not limited to the Defendant's social history, the Defendant's substance abuse history, conditions of confinement in the United States Bureau of Prisons ("BOP") facilities, psychological histories and trends of prisoners serving life sentences in BOP facilities, predictors of violent and other criminal behavior, and 'urban trauma.' " (Doc. 1291).

Defendant responds that requiring the defense to disclose notes and memoranda would violate the work product doctrine and attorney client privilege and disclosure of defense expert opinions is impossible until soon before they testify as the opinions will be based, in part, testimony elicited from other witnesses. (Doc. 1303).

**III.     Discussion.**

As discussed in the Court's Memorandum Opinion and Order of August 24, 2011, (Doc. 1212), the FDPA expressly provides that the government has a right to rebut the mitigating factors: "[t]he government and the defendant shall be permitted to rebut any information received at the hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor; and as to the appropriateness in the case of imposing a sentence of death." 18 U.S.C. § 3593(c). Consistent with this statutory mandate, this Court and others have held that the policies underlying the FDPA and the Federal Rules of Criminal Procedure support the disclosure of penalty-phase information by the defendant. *See United States v. Wilson*, 493 F. Supp. 2d 348, 354 (E.D.N.Y. 2006) (holding that the disclosure provisions of Rule 16(b)(1)(C) apply to mental-condition mitigation evidence in a death-penalty trial); *United States v. Catalan Roman*, 376 F. Supp. 2d 108, 115 (D.P.R. 2005) ("Where faced with procedural gaps arising under the FDPA because of its silence regarding disclosure, courts are crafting appropriate procedures pursuant to their inherent powers, [and] importing standards from the Federal Rules of Criminal Procedure."); *United States v. Beckford*, 962 F. Supp. 748, 754-57 (E.D. Va. 1997) (ordering penalty-phase mental-condition evidence disclosure because "the authority to impose notice and reciprocal discovery is an inherent judicial power which need not be grounded in a specific statute or rule").

The court in *Catalan Roman* observed, "the fair and efficient administration of justice, avoiding surprise and ensuring an informed sentencing determination" militate in favor of pretrial disclosure of non-mental health mitigating factors. *Catalan Roman*, 376 F. Supp. 2d at 114. Accordingly, the Court required Defendant to disclose a list of the specific mitigating factors he intends to establish and a list of witnesses, including non-mental-health expert witnesses, he intends

to present during the penalty phase of trial. Defendant complied with the letter, if not the spirit, of this ruling. A list of sixty-one names does not allow the government a meaningful right of rebuttal. In that Defendant has disclosed a list of sixty-two mitigating factors, the cat is well out of the bag.[1] In the interest of fairness and to avoid additional delay, the Court directs the Defendant to disclose to the government the curriculum vitae, a summary of proposed testimony, copies of reports, including notes and examinations conducted, for his expert and quasi-expert witnesses, on or before September 9, 2011.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery of Information Relating to Penalty Phase Witnesses, (Doc. 1291), filed on September 6, 2011, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant must disclose to the government the curriculum vitae, a summary of proposed testimony, copies of reports, as well as notes and examinations conducted, for his expert and quasi-expert witnesses, on or before September 9, 2011.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[1] The work product doctrine and attorney-client privilege do not apply to notes and memoranda of expert witnesses. *Chevron Corp. v. Stratus Consulting, Inc.*, 2010 WL 3923092 * 8 (D. Colo. 2010) (stating that "the majority of courts [favor] a 'bright-line' approach that mandates full disclosure of those materials reviewed by an expert witness"); *see also U.S. Energy Corp. v. NUKEM, Inc.,* 163 F.R.D. 344, 348 (D. Colo. 1995) (ordering disclosure of expert's notes taken during a meeting with counsel, because "a waiver of the privilege exists where counsel has delivered work product to an expert to be useful to the client,' but then withheld that material from an adversary seeking to exploit the fact of this assistance in cross examining the witness").