**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                                                                                       **NO. CR 05-0924 RB**

**LARRY LUJAN,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion to Preclude Improper Cross-Examination of Defense Experts and Rebuttal Testimony from Government Witnesses on Future Dangerousness Non-Statutory Aggravator, or in the Alternative for Discovery, (Doc. 1299), filed on September 7, 2011. Having considered the motion, the record, relevant law, and being otherwise fully advised, the Court grants this Motion in part as discussed herein.

**I.     Background.**

Defendant is charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 145). The Third Superseding Indictment included a Notice of Special Findings against Defendant, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. (Doc. 145). On July 12, 2007, and February 17, 2011, the government filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. (Docs. 146 and 690). The trial phase commenced on July 18, 2011. The jury returned a guilty verdict on August 9, 2011. After the eligibility phase, on August 11, 2011, the jury found Defendant eligible for the death penalty. The sentence selection phase commenced on August 29, 2011. The government rested its penalty-

selection-phase case on September 8, 2011. Defendant has estimated that his case will conclude during the week of September 28, 2011.

## II.     Summary of Arguments.

Defendant intends to call Mark Bezy, a former warden in the Bureau of Prisons ("BOP"), as an expert to testify in the sentence selection phase of this proceeding about the security features available at BOP facilities, the BOP's ability to control inmates such as Defendant, and his opinion that, if sentenced to life without the possibility of parole, it is unlikely that Defendant will commit future criminal acts of violence that would constitute a serious and continuing threat to the safety of others. (*See* Doc. 1295). Defendant requests an Order precluding anecdotal cross-examination of Mr. Bezy and another expert on future dangerousness, and requests that government witnesses be precluded from offering anecdotal testimony about specific incidents of violence in BOP prisons in rebuttal. In the alternative, Defendant requests that the Court limit such cross-examination and rebuttal to incidents that occurred in the past five years and order that any such alleged anecdotes be disclosed to defense counsel at least three days prior to the witnesses' testimony.

## III.    Discussion.

During the sentencing-selection phase of a capital proceeding, "[i]nformation is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 359(c). Section 3593(c) further provides that the government "may present any information relevant to an aggravating factor for which notice has been provided" and that a defendant "may present any information relevant to a mitigating factor." 18 U.S.C. § 3593(c). In applying §3593(c), the Tenth Circuit has stated that "information is admissible at a capital sentencing if it has 'any tendency to make the existence of any

fact that is of consequence to the determination of the action more probable or less probable than it would be without the [information].' " *United States v. Lujan*, 603 F.3d 850, 854 (10th Cir. 2010) (quoting Fed. R. Evid. 401). Further, both "the government and the defendant shall be permitted to rebut any information received at the hearing, and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any aggravating or mitigating factor, and as to the appropriateness in the case of imposing a sentence of death." 18 U.S.C. § 3593(c).

Defendant desires to use the presentation of evidence as a single-edged sword; that is, he wants to have his expert testify about his experience in the BOP prisons in which various security measures have been successfully used with *other* inmates, but he does not want the government to be able to challenge the experts' experiences with other similar situations in which the security measures have not been so successful. The Court will not limit cross-examination in the manner Defendant requests. "[C]ross-examination . . . is beyond any doubt the greatest legal engine ever invented for the discovery of truth." *Ford v. Wainwright*, 477 U.S. 399, 415 (1986) (internal quotation marks omitted). Cross-examination of an expert in a death-penalty trial helps by "bringing to light the bases for each expert's beliefs, the precise factors underlying those beliefs, any history of error or caprice of the examiner, any personal bias with respect to the issue of capital punishment, [and] the expert's degree of certainty about his or her own conclusions . . . ." *Id.*

The Court declines to limit the anecdotal incidents of prisoner violence to the past five years as Defendant has offered no reasoned basis for such a limitation, other than it would arbitrarily exclude most of the anecdotal incidents. As to the Defendant's request that the Court "immediately order the government to fully disclose all information concerning incidents on which it intends to rely [in rebuttal to the Defendant's experts' testimony], including the names of those involved, information concerning the incidents, and BOP's response to the incidents," Doc. 1299 at 10, the Court finds that

such a request is premature. The government is unable to formulate its response to defense expert testimony until it knows the substance of the testimony. On September 8, 2011, the Court issued a Memorandum Opinion and Order requiring Defendant to disclose such information by September 9, 2011. *See* Doc. 1306. After receiving those disclosures, the government must disclose the requested information about the anecdotal incidents, if any, on which it decides to rely, three days before the testimony, if possible given Defendant's decisions on the order in which witnesses will be called.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Preclude Improper Cross-Examination of Defense Experts and Rebuttal Testimony from Government Witnesses on Future Dangerousness Non-Statutory Aggravator, or in the Alternative for Discovery, (Doc. 1299), filed on September 7, 2011, is **GRANTED IN PART** as discussed herein.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**