IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                                               **NO. CR 05-0924 RB**

**LARRY LUJAN,**

    **Defendant.**

**O R D E R**

**THIS MATTER** came before the Court on Defendant's Motion to Reconsider Denial of Oral Motion for Judgement [sic] of Acquittal or Dismissal of Future Dangerousness Aggravating Factor, (Doc. 1309), filed on September 8, 2011. In his Motion, Defendant repeats the same argument raised in open court on September 8, 2011, on the record and outside of the presence of the jury. After hearing Plaintiff's response and Defendant's reply, I denied this motion. Because I have previously addressed the issue raised in the motion, which seeks reconsideration of my prior ruling, I find no need for a written response.

**I.**    **Background.**

Defendant was charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. (Doc. 145). The Third Superseding Indictment included a Notice of Special Findings against Defendant, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. (Doc. 145). On July 12, 2007, and February 17, 2011, the government filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. (Docs. 146 and 690). The trial phase commenced on July 18, 2011. The jury returned a guilty verdict on August 9, 2011. After the

eligibility phase, on August 11, 2011, the jury found Defendant eligible for the death penalty. The sentence selection phase commenced on August 29, 2011. The government rested its penalty selection phase case on September 8, 2011.

## II.     Summary of Arguments.

After the government rested its case in the penalty-selection phase, Defendant moved for evaluation of the sufficiency of the evidence on the non-statutory aggravating factor of future dangerousness, pursuant to my "inherent authority, analogous to Federal Rule of Criminal Procedure 29." As grounds, Defendant contended that the government did not proffer sufficient evidence in its aggravation case-in-chief to support proof beyond a reasonable doubt that Defendant would be a future danger while serving a life sentence in the Bureau of Prisons.

The government responded that, viewing the evidence in the light most favorable to the government, a reasonable jury could find that Defendant would be a future danger in prison because he has engaged in a pattern of violence based on the Chamberino homicides, his lack of remorse, and low rehabilitative potential based on his prior acts of violent misconduct while detained at the Doña Ana County Detention Center

Defendant replied that the Bureau of Prisons could confine him under conditions where there would be no likelihood of future violence, yet the government presented no evidence whether those kinds of conditions exist in the Bureau of Prisons.

## III.    Discussion.

I rejected Defendant's arguments, holding:

> The government has put on evidence that, if believed, the jury could find beyond a reasonable doubt that Mr. Lujan could be a danger in the future. They have put on the only evidence that was available to them in terms of his conduct, particularly his conduct in a penal setting. Counsel for the defense assumes that Mr. Lujan will be

in a Bureau of Prisons facility. I assume that too but I know that, over time, things happen. He's been in federal custody for six years and he's been in a local detention facility that entire time. I think the government has put on the only evidence that it has available, that what he's done in the past could reasonably be considered a legitimate predictor of the future. And I'm not going to grant the relief requested.

Tr. 54-55.

Defendant has presented no additional arguments in his Motion to Reconsider. I decline to reconsider my ruling as set forth above.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Reconsider Denial of Oral Motion for Judgement [sic] of Acquittal or Dismissal of Future Dangerousness Aggravating Factor, (Doc. 1309), filed on September 8, 2011, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**