IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                                      **NO. CR 05-0924 RB**

**LARRY LUJAN,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion for Mistrial of the Sentence Selection Phase of the Trial Based on Improper Questioning of Character Witnesses, (Doc. 1342), filed on September 23, 2011. Having considered the motion, the record, relevant law, and being otherwise fully advised, the Court denies this Motion.

**I.     Background.**

Defendant was charged with Kidnapping Resulting in Death of Dana Joe Grauke II, and Aiding and Abetting, in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. The Third Superseding Indictment included a Notice of Special Findings against Defendant, pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. §§ 3591-3598. On July 12, 2007, and February 17, 2011, the government filed Notices of Intent to Seek a Sentence of Death, pursuant to the requirements of 18 U.S.C. § 3593(a) of the FDPA. The trial phase commenced on July 18, 2011. The jury returned a guilty verdict on August 9, 2011. After the eligibility phase, on August 11, 2011, the jury found Defendant eligible for the death penalty. The sentence selection phase commenced on August 29, 2011. The government rested its penalty selection phase case on September 8, 2011. Defendant's case in the penalty selection phase is ongoing.

**II.     Summary of Arguments.**

Defendant seeks a mistrial because one of the prosecutors, Assistant United States Attorney Mark Saltman, twice asked defense penalty phase character witnesses questions on cross examination that assumed that Mr. Lujan was guilty of the Chamberino homicides. Defendant claims that the questions violated Mr. Lujan's fundamental right to a fair trial and to due process. (Doc. 1342). Defendant observes that the government has the burden of proving beyond a reasonable doubt the existence of the nonstatutory aggravating factors and that the aggravating factors sufficiently outweigh all the mitigating factors to justify a sentence of death. *See* 18 U.S.C. § 3593(c) & (e). According to Defendant: "The prosecutor's questions undermine the presumption that the aggravating factor that Mr. Lujan was charged with or committed the Chamberino homicides and the presumption that a sentence of life without possibility of release is appropriate." (Doc. 1342). The meaning of this incomplete sentence is less than clear. Not surprisingly, defense counsel "was unable to find any cases involving such questions in the penalty phase of a death penalty case." (*Id.*)

**III.    Discussion.**

No authority was found to support the notion that there is a presumption in favor of a life sentence under the FDPA. The Tenth Circuit Pattern Instruction states: "This offense is punishable by death or by imprisonment for life without possibility of release." Tenth Circuit Pattern Instruction § 3.01. The language of the pattern instruction suggests no presumption is present.

Defendant relies on cases concerning the presumption of innocence that applies during the criminal trial phase with respect to the charged crime. (Doc. 1342). The Tenth Circuit has held that the presumption of innocence "operates at the guilt phase of a trial [on that offense] to remind the jury that the State has the burden of establishing every element of the offense beyond a reasonable doubt." *United States v. Lujan*, 603 F.3d 850, 855 (10th Cir. 2010). "Neither the Supreme Court nor this

Court has ever held that admitting evidence at sentencing that tends to prove the defendant engaged in other unadjudicated criminal conduct infringes on the defendant's presumption of innocence pertaining to the other unadjudicated conduct." *Id*. Defendant is not charged herein with the Chamberino homicides. Notably, none of the cases cited by Defendant involve the penalty phase of a capital case. Rather, the cases cited by Defendant all involve the presumption of innocence. In that the presumption of innocence is inapplicable in the penalty phase, Defendant's motion is without merit.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Mistrial of the Sentence Selection Phase of the Trial Based on Improper Questioning of Character Witnesses, (Doc. 1342), filed on September 23, 2011, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**