IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                               **NO. CR 05-0924 RB**

**LARRY LUJAN,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion to Exclude Improper Rebuttal Testimony (Doc. 1343), filed on September 23, 2011. The Government filed a partial response on September 26, 2011. *See* Doc. 1345. Having considered the motion, the record, and the relevant law, and being otherwise fully advised, the Court denies this Motion without prejudice to future objections at trial to improper rebuttal or surrebuttal as set forth in this Order.

On September 8, 2011, the Court issued an Order requiring the Defendant to give to the Government by September 9, 2011 "a summary of proposed testimony, copies of reports, including notes and examinations conducted, for his expert and quasi-expert witnesses" whom Defendant intended to call in his mitigation case. Doc. 1306 at 4. The Court noted that Defendant had thus-far given the Government only a list of 61 potential mitigation-witness names and a list of 62 potential mitigating factors. *See id.* at 3-4. On September 19, the Court required the Defendant to give to the Government its final mitigation witness list by the end of the day, and required the Government to produce its list of rebuttal witnesses to the Defendant by September 21, as the Government had already revealed its rebuttal experts to the Defendant. *See* Doc. 1338 (Clerk's notes of minutes of

trial at 1-2); Doc. 1333.  At that September 19 hearing, the Government noted that it still did "not know what Mr. Bezy is going to say in this case."  Doc. 1338 at 1.  The Government timely produced its rebuttal list.  *See* Doc. 1336.

The Defendant now briefly complains that, despite the fairly detailed summaries of Mr. Dodrill's, Dr. Cohen's, Mr. Leal's, and Ms. Pizarro's anticipated rebuttal testimony as set forth in the Government's rebuttal-list summary,

> the government's notice is insufficient on all of its witnesses, as it does not provide any specificity as to how the testimony it seeks to introduce will rebut information that the defense presented.  The government's broad and general topics of rebuttal are insufficient to determine what these witnesses testimony will actually rebut.

Doc. 1343 at 4-5.  That is not the standard that the Court imposed on either party in requiring them to reveal their witness lists and for the Defendant to provide a summary of its mitigation expert's testimony, and the Court will not exclude testimony on that basis now.

Defendant next asks this Court to exclude the testimony of Mr. Dodrill, a former warden and executive within BOP, "as improper rebuttal because it should have been offered in the government's aggravation case-in-chief."  Doc. 1343 at 5.  This argument is frivolous.  If the Government had offered Mr. Dodrill's anticipated testimony in its case-in-chief, the Defendant would have argued that such testimony is irrelevant to the individualized sentencing required under the death-penalty statutes.  *See, e.g.*, Doc. 1335 (Defendant's motion to exclude as irrelevant all information and testimony regarding BOP incidents that form Mr. Dodrill's ***rebuttal*** opinion or that may be used to cross-examine the Defendant's mitigation expert on prison conditions).  It is impossible to know exactly what a mitigation witness may say or to know with certainty that a particular witness may be called.  As demonstrated in this case, the parties have changed their minds about calling witnesses, and it would unduly lengthen a trial to require the Government to present

2

speculative rebuttal for every one of the more than sixty mitigation witnesses Defendant has identified.

This case is easily distinguished from the cases Defendant cites. *See, e.g., Koch v. Koch Indus. Inc.*, 203 F.3d 1202, 1224-25 (10th Cir. 2000) (civil case in which court first quotes the general rule that, "where the evidence rebuts new evidence or theories proffered in the defendant's case-in-chief, that the evidence may have been offered in the plaintiff's case-in-chief does not preclude its admission in rebuttal," and holding that the district court did not abuse its discretion in limiting rebuttal where the plaintiff sought only to recall its witness to rebut the testimony of the defense witness who rebutted the plaintiff's witness's testimony). Contrary to the situation in civil cases, the Government in a death-penalty case has a *statutory* right "to rebut *any information* received at the hearing." 18 U.S.C. § 3593(c) (italics added). Obviously, one reason that the Government must be given a full opportunity to rebut in criminal cases is because of the high standard of its burden of proof regarding the aggravating factors. Another reason is because "the jury . . . shall consider whether all the aggravating . . . factors found to exist sufficiently outweigh all the mitigating . . . factors found to exist to justify a sentence of death." 18 U.S.C. § 3593(e). The Defendant cites *no* death-penalty cases in which the Government's broad right to rebuttal has been curtailed. And two of the non-death-penalty-criminal-cases Defendant cites are contrary to Defendant's contentions. *See United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir. 1980) ("The fact that testimony would have been more proper for the case-in-chief does not preclude the testimony if it is proper both in the case-in-chief and in the rebuttal. Even if the parties have rested, it is within the court's discretion to permit the Government to reopen its case in order to permit additional testimony.) (internal citations omitted); *United States v. Sadler*, 488 F.2d 434, 435 (5th

Cir. 1974) (noting the "general rule" that "[t]he court may properly decide that the prosecution should be allowed to rebut testimony by defense witnesses but that it should not be allowed to go into new matter which would prompt a surrebuttal by the defense;" and holding that "[p]rejudice occurs only if the prosecution witness goes beyond rebuttal and injects fresh issues on which the defendant is denied the right to present evidence. By objection, defense counsel should call to the court's attention that a prosecution witness is going into new material which, if admitted, raises questions of rebuttal by the defense").

The death-penalty case that Defendant cites does not support his legal premise that it is improper to allow the Government to present rebuttal testimony that could have been presented in the Government's case-in-chief. In *United States v. Higgs,* the defendant

> objected to the introduction of his prison infractions, contending that the evidence lacked any nexus with [the defendant's] mitigation case and amounted instead to the improper admission of evidence of his future dangerousness, a non-statutory aggravator that the government had withdrawn prior to starting the penalty phase. The district court admitted the evidence, over [the defendant's] objection, ruling that it was proper and fair "evidence to rebut the picture that the defendant has drawn with regard to who he is now and his future relationship with his son."
> . . . .
> Here, we find no error in the district court's decision to allow evidence of [the defendant's] prison infractions as rebuttal to his mitigation case. [The defendant's] mitigation evidence was directed in part to establish that he was attempting to stay out of trouble while incarcerated and that he was and intended to continue to be a good influence on his son and his nephew from prison. By presenting such evidence, [the defendant] opened the door to the subject of his "staying out of trouble" in prison and the evidence of [his] numerous infractions of prison rules at various facilities was reasonably tailored to refute the image [he] attempted to create in mitigation.

353 F.3d 281, 329-30 (4th Cir. 2003). As the Defendant acknowledges, the Tenth Circuit has noted that "[r]ebuttal evidence may be introduced to explain, repel, contradict or disprove an adversary's proof," and that "[i]t is within the trial court's discretion to allow evidence offered in rebuttal that

4

would achieve a proper function of rebuttal, but also could have been offered during the Government's case-in-chief." *United States v. Morris*, No. 01-5034, 41 Fed. App'x. 160, 167, 2002 WL 382859, *6 (10th Cir. March 12, 2002).

The Defendant next objects to the Government recalling its expert Dr. Cohen to rebut Dr. Beaver's testimony, contending that his testimony will be "merely cumulative to his previous testimony" at the guilt/innocence phase of the trial and that he is "not as qualified as Dr. Beaver." Doc. 1343 at 6-7.  But the Defendant's brief itself shows how Dr. Beaver's mitigation-phase testimony is totally different than Dr. Cohen's guilt-phase testimony.  Dr. Cohen's testimony will not be cumulative.  Further, there is no need for a *Daubert* hearing.  The Court examined Dr. Cohen's qualifications when he testified during the guilt/innocence phase on direct and again when the Defendant objected to his being called to rebut Dr. Morton's testimony, and stated Dr. Cohen "is a medical doctor.  He is a psychiatrist by specialty."  Tr. of Aug. 8, 2011 hearing (Doc. 1197) at 2, lines 16-20.  As the Court already noted, psychiatrists diagnose mental issues and prescribe appropriate medication or other treatment, and, accordingly, Dr. Cohen is qualified to discuss how drug use affects the brain's capacity to learn.

The Defendant contends that Dr. Askenazi, who also may be called to rebut Dr. Beaver's testimony, "should not be allowed to opine using evidence that was not relied on by Dr. Beaver." Doc. 1343 at 8.  This argument is also frivolous.  As noted, *supra*, the function of rebuttal is to "explain, repel, contradict or disprove an adversary's proof," *Morris*, 41 Fed. App'x at167, and the Defendant presents no authority holding that rebuttal testimony is limited to discussing the same evidence presented in the opponent's case-in-chief.

Defendant next contends that, based on his reading of Mr. Leal's interview with the

5

prosecution, he "cannot testify to any matters that explain, repel, counteract or disprove facts presented in Mr. Lujan's mitigation case," but that he suspects that the Government may seek "to introduce more evidence regarding the Barrio Aztecas." Doc. 1343 at 9-10. Similarly, the Defendant objects to the recalling of Christina Jasso, Defendant's former probation officer in 2004, and contends that Defendant's probation "was not put in issue by Mr. Lujan" during the mitigation phase. *See id.* at 10. The Court will hold these objections in abeyance until it is determined whether the Government will actually call these witnesses, and at that time the Defendant may renew his objections at a side-bar conference and the Government will be permitted to respond.

> Defendant challenges the calling of Ms. Seubert, contending that, because she
>
> was not involved in the testing of the DNA samples in the Chamberino homicides [she] thus has nothing relevant to say about them. If the government intends to proffer her as a witness concerning the adequacy or inadequacy of the forensic analyses done on the Chamberino evidence, the government should be required to disclose a summary of her opinion and the bases for it.

Doc. 1343 at 10. The Court will not require rebuttal experts to summarize opinions regarding what they may guess a mitigation expert may actually say. It is sufficient for the Government to put the Defendant on notice of the name and curriculum vitae of its rebuttal expert and whose testimony that expert intends to rebut.

Defendant objects, as "improper rebuttal," the testimony of Ms. Pizarro, contending that, "[i]f the purpose of her testimony is to state that, at times, the Lujan family was sufficiently prosperous to employ a maid, or that there were times when the maids cared for the children, those facts are not in dispute; such evidence does not explain, repel, refute or otherwise rebut any of the mitigation evidence proffered by the defense." Doc. 1343 at 11. The Court notes, however, that Defendant's contention is clearly belied by the record. Dr. Beaver testified that Defendant's family

>had very few financial resources. You know, we have a situation where an 18-year-old is caring for as many as four children and working full-time. That's not a good situation. So, again, if you look at the Lujan family in comparison to others, there's very little in the way of any real resources to either get them out of the kind of poverty and the lifestyle that they had been in, but to just to cope with some of the things that occurred over time in this family.

Tr. of Sept. 19, 2011 hearing (Doc. 1355 at 42, lines 11-21).

Defendant next contends that the Government should not be allowed to present DACDC employees as rebuttal witnesses to Defendant's witnesses who are DACDC guards, arguing that

> [r]ebuttal is not meant as a 'do-over' for the Government's case in aggravation. . . . . The Government presented testimony of Mr. Lujan's conduct in the jail, and has cross-examined each and every guard the defense has called about his disciplinary incidents..

Doc. 1343 at 11-12. Based on Defendant's notices, it is clear that some of the Defendant's guard-witnesses may be called to present new mitigation testimony, to which the Government should have a full opportunity for rebuttal. *See* Docs. 1280, 1324. Insofar as the Defendant objects to the Government's presentation of additional witnesses to talk about the disciplinary incidents themselves, the Court construes his argument as objecting to "surrebuttal" testimony. Defendant also contends that, "[i]f the government presents any evidence or information in rebuttal that properly could have been presented in its aggravation case in chief, or that is new, such evidence or information should either be excluded or the defense given an opportunity to respond in surrebuttal." Doc. 1343 at 12. As the Fourth Circuit has explained in a case in which a criminal defendant sought to introduce surrebuttal testimony to the prosecution's rebuttal witness's testimony,

> "surrebuttal" [] properly, is limited to refutation of the testimony of an opposing witness, and does not spill over to include testimony directed at something other than disproving, or at least casting doubt on what that witness said. McCoy was a Government witness who testified in the Government's rebuttal case that Burgess

7

>admitted that the insanity defense was feigned. Evidence that McCoy misunderstood what Burgess had said would be proper surrebuttal testimony. For example, another participant in the conversation could be produced to state that Burgess had said something quite different. However, it would not be surrebuttal, it would not refute McCoy, if a witness were produced to testify that, at a different point in time, and to a different person or persons than McCoy, Burgess had evidenced conduct indicative of mental defect or disease, and hence, inferentially, was not faking.
>
>Stating the concept slightly differently, surrebuttal concerns refutation of the specific evidence of a witness. It is not a basis for a general attack on the overall conclusory inference to be drawn from his evidence. McCoy's testimony that Burgess admitted feigning insanity is not rebutted by other proof that Burgess was, in fact, insane. Such evidence would belong in the defense case-in-chief

*United States v. Burgess*, 691 F.2d 1146, 1149 n.7 (4th Cir. 1982); *see United States v. Smith*, 888 F.2d 720, 722 (10th Cir. 1989) (noting that trial court permitted defendant to submit surrebuttal testimony to impeach government's rebuttal witness); *United States v. Greene*, 497 F.2d 1068, 1083 (7th Cir. 1974) (affirming denial of request to allow the defendant's mother to testify on surrebuttal about the history of mental illness in the family because such testimony could not have rebutted the expert witness's testimony, "since he did not claim that defendant's family had no history of mental illness."). *See also United States v. Barnette*, 211 F.3d 803, 821-22 (4th Cir. 2000) (capital case noting that "[s]urrebuttal evidence is admissible to respond to any new matter brought up on rebuttal. If the evidence would be repetitive of prior testimony, we leave the decision to admit surrebuttal testimony to the sound discretion of the trial judge," and holding that trial court abused its discretion in refusing to allow defendant's psychologist and risk-assessment expert, who had already testified for defendant in mitigation, to testify in surrebuttal to contest government's rebuttal forensic psychologist's *new* diagnosis that defendant was a dangerous psychopath) (internal citations omitted); *United States v. Durnin*, 632 F.2d 1297, 1301 n.8 (5th Cir. 1980) ("Since this rebuttal testimony raised no new issue and since the proffered surrebuttal witnesses were not able to rebut

the essence of [the rebuttal witness's] testimony, the district court's decision to disallow surrebuttal was not an abuse of discretion.").

The Court will strictly limit any surrebuttal as set forth above, and will not permit either the Government or the Defendant to present surrebuttal testimony regarding issues not newly raised in rebuttal or that does not specifically address the rebuttal testimony, or that simply repeats testimony that has already been presented in the respective cases-in-chief.  Of course, until a witness is on the stand and an actual question is proffered, it is premature to issue rulings other than this basic guideline.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Exclude Improper Rebuttal Testimony (Doc. 1343) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**